(No. 36425.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED McGLOTHEN, Plaintiff in Error.

*Opinion filed November 30, 1962.*

WILLIAM L. NEARY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant was convicted of the crime of murder in a bench trial in the criminal court of Cook County. We have issued a writ of error to review the judgment of conviction.

The defendant's first contention is that the trial court improperly denied his petition for a change of venue. The record shows that the defendant was indicted on October 28, 1958, and was arraigned on October 29, at which time he entered a plea of not guilty. By order of court the cause was continued until December 1, and on that date the cause was continued to January 28, 1959, by agreement of the parties. When the case was called for trial on January 28, both parties announced that they were ready for trial. The court then inquired whether the defendant wanted a bench trial or a jury trial. Upon being advised that the defendant wanted a bench trial, the court announced that the case would be held on call. After a short recess, defendant's counsel advised the court that the defendant had just learned facts indicating that the judge was prejudiced against him and requested that the defendant be granted a change of venue. A written petition, sworn to by the defendant, was filed, in which the defendant stated that the trial judge and one other judge of the criminal court were prejudiced against him and that knowledge of this prejudice first came to the defendant on January 28. The trial judge asked whether the State had received any notice and, upon being advised that no notice had been served on the State, denied the petition, remarking that since defendant had previously answered ready for trial, it was apparent that the petition was filed for the purpose of delay. Counsel stated that knowledge of the prejudice of the trial judge first came to the defendant in the recess following the announcement that defendant was ready for trial. The remarks of the trial judge indicate that he did not believe this statement.

The pertinent statutory provisions are as follows: "When any defendant * * * shall fear that he will not receive a fair and impartial trial * * * because the judge of the court is * * * prejudiced against him * * * the court shall award a change of venue upon the

application of the defendant as hereinafter provided." (Ill. Rev. Stat. 1961, chap. 146, par. 18.) "No application for a change of venue made more than thirty days after the earliest day at which the applicant might have been heard shall be allowed unless the applicant shall have given to the State's Attorney at least ten days previous notice of his intention to make such application, *except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application.*" (Emphasis supplied.) Ill. Rev. Stat. 1961, chap. 146, par. 24.

The right to a change of venue is absolute, provided that the requirements of the statute are met. Upon the filing of a petition which is in compliance with the statute the trial judge loses all power over the case except to make the necessary orders to effectuate the change. Denial of a proper petition is reversible error. (*People* v. *Davis,* 10 Ill.2d 430.) In the recent case of *People* v. *Kostos,* 21 Ill.2d 451, the defendant's counsel learned certain facts indicating that the trial judge was prejudiced against the defendant. He did not communicate these facts to the defendant until 12 days later and the defendant did not file his petition for a change of venue until 7 days after counsel had discussed these facts with him. The trial judge denied the petition on the ground that it was not filed within time, but we held that the petition was timely and was not made for the purpose of delay. In the present case, the sworn petition stated that knowledge of the prejudice first came to the defendant on the same day the petition was presented. Under the statute it is clear that in such a case 10 days notice is not required. Where the causes for the application for a change of venue come to the knowledge of the defendant less than 10 days before the application for a change of venue the only notice required is the most effective notice which can be given under the circumstances. We are of the opinion that in this case, where the defendant stated that knowledge of the

prejudice came to him during the recess, the actual filing of the motion in open court was the only notice possible, and was reasonable under the circumstances. The trial judge therefore erred in denying the change of venue and the judgment of conviction must be reversed and the cause remanded for a new trial. We find it unnecessary to consider the other assignments of error, which relate to matters which are not likely to occur on another trial.

*Reversed and remanded.*