(No. 37716.— ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LAWRENCE, Plaintiff in Error.

*Opinion filed November 26, 1963.*

WARREN D. WOLFSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, William Lawrence, was tried by a jury in the criminal court of Cook County and found guilty of the crimes of armed robbery and assault with intent to murder. Judgments were entered on the verdicts, sentences to the penitentiary were imposed, and defendant now prosecutes this writ of error for review contending that the trial court erred in denying his petition for a change of venue, as a consequence of which all subsequent orders were void.

The undisputed facts show that the cases against defendant were assigned to one of the judges of the criminal court, on April 1, 1958, upon which date they were continued to May 5, 1958. When the latter date arrived defendant appeared with his counsel and the latter requested a conference with the court for a stated purpose of "disposing" of the cases. The request was immediately granted and after defendant had been taken back to jail, it appears that a conference was held by the court and counsel which carried over until the following day. At its conclusion, on May 6, defendant filed a petition for a change of venue alleging prejudice on the part of the judge to whom it was assigned and one other judge of the criminal court. The petition was denied, as were subsequent oral renewals, and the sole issue here is whether such refusal constituted reversible error.

Under the circumstances here presented the trial judge was fully warranted in denying the petition. While the right of a defendant to a change of venue on account of the prejudice of the judge is absolute, both in civil and criminal cases, (*People* v. *Davis,* 10 Ill.2d 430; *People* v. *Beamon,* 24 Ill.2d 562,) it is at the same time a right which may be waived if not asserted in apt time. (*People* v. *Stewart,* 20 Ill.2d 387.) In such regard, we have consistently held that a petition for a change of venue must be filed at the earliest practical moment, and have found that petitions delayed until after the trial judge has by his rulings passed upon substantive issues, and indicated his views on the merits of

the cause, come too late. (*People* v. *Wilfong,* 17 Ill.2d 373; *People* v. *McDonald,* 26 Ill.2d 325.) As was pointed out in *People* v. *Chambers,* 9 Ill.2d 83, 89, the requirement of "earliest practical" filing is designed to preclude counsel from first ascertaining the attitude of the court on a hearing relating to some of the issues of the case, and then, if the court is not in harmony with counsel's theory, to assert the prejudice of the court as ground for a change of venue.

In the present case the petition for a change of venue came only after the conclusion of the conference sought by defendant for the obvious purpose of obtaining a lenient disposition of the charges without the necessity of a trial, and only after defendant ascertained what punishment he might receive if he pleaded guilty. (Cf. *People* v. *Beamon,* 24 Ill.2d 562.) We concur with the trial court that the request for a conference was in the nature of a preliminary motion treating to a degree on the merits of the case and designed to elicit the judge's views with respect thereto. Having sought and obtained those views, the petition came too late. Were we to hold otherwise, a petition for a change of venue could, in effect, be used as a vehicle to permit a defendant to "shop" among the judges of a court for the one most leniently disposed to a plea of guilty.

The case of *People* v. *Kostos,* 21 Ill.2d 451, which defendant urges upon us as requiring a different result, is not controlling. The present issue was not raised or decided and, moreover, as we read the record there, the conference with the court was at the instance of the prosecution rather than the defendant.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*