**People of the State of Illinois, Appellee, v. Marcus Arnold, Appellant.**

**Gen. No. 50,773.**

First District, Fourth Division.

September 9, 1966.

Supplemental opinion October 28, 1966.

Donald Lipman, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Marcus Arnold, was convicted after a jury trial of theft from the person and was sentenced to the penitentiary for a term of not less than seven nor more than ten years.

## Contentions on Appeal

1. His petition for substitution of judge was erroneously denied;
2. The indictment was insufficient;
3. The court erroneously refused to order that Grand Jury minutes be furnished him;

4. The court erroneously permitted the State to suppress the statement of a witness; and

5. He was not proven guilty beyond a reasonable doubt.

**Evidence**

The complaining witness, LaVerne Matokar, testified that on March 23, 1963, at 5:15 p. m., while stepping onto a bus, a negro man in a black coat, black hat, and black sunglasses shoved her; she turned and saw his hand in her purse and he was holding her cigaret case; she screamed and the man ran, dropping her cigaret case, after which she picked up the case but a $20 bill, a portion of her salary which she had placed therein, was missing. About five minutes later the police brought back a man in a squadrol, and she identified him.

According to the testimony of the police officers, at approximately 5:15 p. m. on the day in question, about three and one-half blocks from the scene of the offense, they saw the defendant running and ordered him to halt. He continued running until one of the officers pulled his gun and finally stopped him. When defendant was searched at the station he had neither a $20 bill nor sunglasses in his possession, only some small change. The officers then searched the squad car in which the defendant was transported to the police station and found sunglasses lodged in a crevice in the back seat. At the time of his arrest defendant denied committing the robbery and told the officers that he was running to catch a bus.

The only testimony on behalf of the defendant was that of a private detective who stated that he saw Officer Jennings, one of the arresting officers, at the police station on January 12, 1965, and that Jennings told him that the cigaret case was found in an alley several days after the crime. Officer Jennings denied that he had made this statement.

## Opinion

(1) On January 18, 1965, the defendant filed his petition in which he alleged that he could not receive a fair trial because the trial judge was prejudiced, and that said prejudice came to his attention on January 18. The petition was denied. On January 19, the day of trial, the court explained for the record that a pretrial conference was held prior to the petition and that after the conference defendant demanded a jury trial.

■ The right to a substitution of judge is absolute if prejudice is alleged. People v. Wallenberg, 24 Ill2d 355, 181 NE2d 146. The statutory provisions authorizing a substitution should receive liberal interpretation in order to permit rather than deny a substitution. People v. Mosley, 24 Ill2d 565, 182 NE2d 568. Even if the petition is presented the day of the trial in a criminal case and if prejudice is alleged, so long as the trial judge had heard no matters pertaining to the merits nor indicated his views thereon, the petition for a substitution is filed within the boundaries of the statutes and in apt time. People v. Gregory, 16 Ill App2d 576, 149 NE2d 198. And even if the prejudice of the judge came to defendant's knowledge on the day of trial his petition presented at that time is valid. People v. McGlothen, 26 Ill2d 392, 186 NE2d 319. An improper denial of a petition for substitution of judge constitutes reversible error. People v. Kostos, 21 Ill2d 451, 173 NE2d 469.

■ The People urge that in People v. Lawrence, 29 Ill2d 426, 194 NE2d 337, the court denied a petition under similar conditions. In that case the court stated at pages 427, 428 that:

> Under the circumstances here presented the trial judge was fully warranted in denying the petition. While the right of a defendant to a change of venue on account of the prejudice of the judge is absolute, . . . it is at the same time a right which may be

273

waived if not asserted in apt time. . . . In such regard, we have consistently held that a petition for a change of venue must be filed at the earliest practical moment, and have found that petitions delayed until after the trial judge has by his rulings passed upon substantive issues, and indicated his views on the merits of the cause, come too late. . . . [T]he requirement of "earliest practical" filing is designed to preclude counsel from first ascertaining the attitude of the court on a hearing relating to some of the issues of the case, and then, if the court is not in harmony with counsel's theory, to assert the prejudice of the court as ground for a change of venue.

In the present case the petition for a change of venue came only after the conclusion of the conference sought by defendant for the obvious purpose of obtaining a lenient disposition of the charges without the necessity of a trial, and only after defendant ascertained what punishment he might receive if he pleaded guilty.

■ People v. Lawrence, supra, is distinguishable because the record in the instant case does not indicate that it was the defendant who requested the pretrial conference, or that the trial judge passed upon any substantive issue or indicated his views on the merits of the case. We therefore find that the petition for a substitution of judge was erroneously denied.

■ (2) A. Defendant claims that the indictment is insufficient in that the place of the offense is not set out as definitely as could have been done. This contention was resolved to be without merit in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97; People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed in 34 Ill2d 179, 214 NE2d 765.

■ B. It is urged that defendant was charged with "theft from the person" and that there is no such crime; and in addition that the facts of the crime were not spe-

274

cifically set forth in the indictment. In People v. Jackson, 66 Ill App2d 276, 214 NE2d 316, the court carefully considered similar arguments under comparable facts and held that a conviction was proper.

██ (3) Defendant urges that the court erroneously refused to order the State to furnish a copy of the Grand Jury minutes. The record shows that the minutes had not been written up and no prior demand for them had been made. This condition will not prevail at the new trial.

██ ██ (4) Defendant's request at the trial for a witness' statement was denied after the court determined that the State had no statement. A defendant is entitled to the production of a statement for impeachment purposes only after a showing that such a statement exists. Johnston v. United States, 260 F2d 345; People v. Wright, 30 Ill2d 519, 198 NE2d 316. We find no error in the judge's ruling on this point.

██ (5) Defendant complains that he was not proven guilty beyond a reasonable doubt. However, as stated in People v. Lamphear, 6 Ill2d 346, 358, 128 NE2d 892:

> [W]here the evidence is not so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to justify our entertaining reasonable doubt of the defendants' guilt the jury verdict will be sustained.

We find that the evidence adduced was sufficient to prove the defendant guilty beyond a reasonable doubt.

### Holding on Appeal

Since we have found that defendant was entitled to a substitution of judge, the judgment of the trial court is reversed and the cause remanded for a new trial in a manner not inconsistent with the views expressed in this opinion.

275

Reversed and remanded with directions.

ENGLISH and McCORMICK, JJ., concur.

### Supplemental Opinion On Rehearing

In its petition for rehearing the prosection contends for the first time that the defendant's petition for substitution of judge was properly denied because (1) in his petition defendant failed to allege the specific facts in support of his assertion that the trial judge was prejudiced, and (2) no affidavit accompanied the petition.

 Defendant's petition was filed on January 18, 1965, more than thirty days after the case was placed on the trial call. Therefore, the procedure with regard to his petition is governed by section 114–5(c) of the Criminal Code of 1961 (Ill Rev Stats, 1965, ch 38, § 114–5(c)), which provides in relevant part that:

> [A]ny defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion.

According to the Committee Comments this section is to be read in pari materia with Illinois Revised Statutes, 1965, chapter 146, §§ 18–35. Section 18 of chapter 146, supra, provides that it is "cause" for a change of venue when a defendant fears "that he will not receive a fair and impartial trial in the court in which the case is pending, because the judge of the court is . . . prejudiced against him . . . ." In his petition defendant alleged under oath that he could not receive a fair and impartial trial because the trial judge was prejudiced.* That allegation is the statement of "cause."

---

* In his petition defendant also stated that the prejudice came to his knowledge on January 18, 1965.

Section 114–5(c), supra, then provides that the trial judge shall conduct a hearing to determine the merits of the petition. Since no hearing was held, the allegations of the instant petition as to prejudice and the time when knowledge came to the defendant must be taken as true. While the record states that the defendant's petition was denied after hearing from both counsel, according to the report of proceedings contained in the record the requisite hearing was never held. Therefore the petition for substitution of judge was improperly denied.

The contention of the prosecution that no affidavit accompanied defendant's petition is without merit since an examination of the record reveals that defendant filed a verified petition, which is a sufficient compliance with section 114–5(c), supra.

We adhere to our original opinion reversing the judgment of the trial court and remanding the cause for a new trial.

Reversed and remanded with directions.