People of the State of Illinois, Defendant in Error, v. Joseph Morrow and James P. Taylor, Plaintiffs in Error.

Gen. Nos. 52,367, 52,368.

First District, Fourth Division.

September 25, 1968.

Harold Turner and Sheldon Golding, of Chicago, for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Alan Gersh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Defendant Joseph Morrow was tried and convicted for the crime of soliciting for a prostitute, and sentenced to 20 days in the County Jail. Defendant James P. Taylor was tried and convicted for the crime of keeping a place of prostitution, and sentenced to 30 days in the County Jail. The complaint was filed on September 7, 1966, and defendants appeared when their cases were called until a request for a jury trial was made on January 13, 1967, at which time the cases were transferred to the chief justice and were reassigned to Branch 46, and set for trial on January 27, 1967. On February 7, 1967, the defendants' attorney filed a verified petition for change of venue (substitution of judge), which was denied without a hearing, and the case was continued to March 2, at which time the defendants, after waiving a jury, were tried in a bench trial and found guilty. From that finding this appeal is taken and an appeal bond filed.

The point raised by the defendants is that the magistrate erred in summarily denying the petition for change

of venue without a hearing. The statute here under consideration is the following:

Ill Rev Stats 1965, c 38, § 114-5. Substitution of Judge.)

> (a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of judge or any 2 judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion.
>
> (b) Within 24 hours after a motion is made for substitution of judge in a cause with multiple defendants each defendant shall have the right to move in accordance with subsection (a) of this Section for a substitution of one judge. The total number of judges named as prejudiced by all defendants shall not exceed the total number of defendants. The first motion for substitution of judge in a cause with multiple defendants shall be made within 10 days after the cause has been placed on the trial call of a judge.
>
> (c) In addition to the provisions of subsections (a) and (b) of this Section any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion.

When the magistrate summarily denied the petition without a hearing and notified the defendants they must stand trial, the magistrate stated: "Substitution is denied, not timely. . . . I don't grant substitutions."

This case falls within the rule laid down in People v. Ethridge, 78 Ill App2d 299, 223 NE2d 437, where

3

the defendant was indicted for armed robbery. He made a motion before his trial for substitution of judge, alleging that he could not receive an impartial trial because of the prejudice of the trial judge. The motion was denied and the defendant was found guilty in a jury trial. He argued in the Appellate Court that he was entitled to a new trial because his motion was improperly denied.

The defendant in the Ethridge case was arraigned on May 7, 1964, after his case had been assigned on May 1, to the trial judge by the presiding judge of the Criminal Court. The case was continued to May 21, and defendant's motion for substitution of judge was filed and denied on that date. The court found that the case had been placed on trial call on May 1, the date the presiding judge assigned it to the trial judge, and it became part of that judge's trial call upon assignment. Since the defendant's motion was filed more than 10 days after his case was placed on the trial call, the procedure concerning it was not controlled by subsection (a), but by subsection (c) of section 114–5. The court said at page 302:

> "The distinctions between subsections (a) and (c) are these: a motion filed within the 10-day period may name two judges, it does not have to be verified, and the defendant has an absolute right to a substitution of judge; if a motion is filed at any other time it may name only one judge, it must be supported by affidavit, and the defendant is not entitled to an automatic substitution but the court must conduct a hearing to determine the merits of the motion."

As in the case before us, the defendant's motion in Ethridge was not supported by a separate affidavit but the motion was verified. The court said at page 303: "This was a sufficient compliance with the stat-

4

ute." The motion did not contain detailed allegations of prejudice, it merely stated that prejudice existed. However, it is not necessary that a defendant enumerate facts to support a general allegation of prejudice. People v. Arnold, 76 Ill App2d 269, 222 NE2d 160.

As in the instant case, the trail court in Ethridge did not conduct a hearing as contemplated by the statute, and the reviewing court concluded from the order that no testimony was heard or evidence received, and that the denial of the motion was based on arguments of counsel. The court stated at page 304:

> "If the defendant was unwilling or unable to support his charge of prejudice the order or the record should so indicate. Since the defendant was not accorded a hearing within the meaning of the statute, the defendant's sworn allegation that he could not receive a fair and impartial trial must be taken as true."

The court held that the petition for substitution of judges was improperly denied and all the actions of the court subsequent thereto were void. The case was reversed and remanded for a new trial.

The same situation exists in the case before us, and the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.