Nicholas L. Barnes, Plaintiff-Appellant, v. The Peoples Gas Light and Coke Company, a Corporation, Defendant-Appellee.

**Gen. No. 51,762.**

First District, Fourth Division.

December 18, 1968.

Rehearing denied February 4, 1969.

Harry R. Booth, of Chicago, for appellant.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (George J. O'Grady and William J. Winger, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

█ Plaintiff appeals from various orders of the Circuit Court, the effect of which was to strike and dismiss his complaint, to deny leave to amend, and to deny a change of venue. The appeal was taken to the Supreme Court which transferred it to this court without comment, thus disposing of a claim by plaintiff that the orders referred to had deprived him of constitutional rights because of his color. Sarelas v. Illinois Bell Tel. Co., 42 Ill App2d 372, 374, 192 NE2d 451.

On February 4, 1966, plaintiff filed his complaint, alleging that defendant wrongfully discontinued gas service to him. On March 14, defendant moved to strike the complaint on the ground that plaintiff had failed to plead facts which demonstrated any legal duty upon defendant to furnish service to plaintiff. The motion was allowed and leave to amend was denied on April 12. On May 4, plaintiff petitioned for a change of venue and moved to vacate the order of April 12. Both requests were denied.

█ Plaintiff contends it was error to deny his petition for a change of venue. We cannot agree. On March 11, plaintiff learned that his case was to be heard by Magistrate Jorzak, rather than by Judge Jones. (The record does not disclose why he would have expected it to be heard by Judge Jones.) On April 12, after a hearing, the orders were entered by Magistrate Jorzak as recited above. Then, 22 days after dismissal, and 54 days after learning of the assignment, plaintiff presented his peti-

tion for a change of venue. This was unquestionably too late.*

The statutory right to a change of venue (Ill Rev Stats (1965), c 146, § 1 et seq.) does not extend beyond the time at which the judge has indicated a position or made a ruling upon a substantive issue in the cause. City of Chicago v. Hamlin, 24 Ill2d 148, 150, 180 NE2d 473; Swanson v. Randall, 30 Ill2d 194, 198, 195 NE2d 656. Any other construction would make it possible for a litigant to wait until ascertaining a judge's adverse view of the case before deciding to request a change of venue—a situation which would subvert the whole trial system.

Next, plaintiff contends that the complaint states a cause of action and should not have been stricken. Again, we cannot agree. The complaint alleges that defendant had a contractual obligation to provide uninterrupted service, and that defendant breached this contractual duty. However, the existence of a contract is a legal conclusion and, therefore, not admitted by a motion to strike. The pleader must allege facts sufficient to indicate offer, acceptance, and consideration. This, plaintiff has failed to do. No cause of action for the breach of a contractual obligation is stated. The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not. Ill Rev Stats (1965), c 110, § 36. We can only conclude, therefore, that the contract to which plaintiff alludes must have been oral. Yet, plaintiff alleges no other facts from which a duty not to discontinue his service would

---

* Plaintiff's Petition for Change of Venue alleges that the facts upon which he sought the change came to his knowledge more than 30 days after the date (February 4, 1966) on which defendant was required to appear. The significance of this allegation escapes us.

428

arise. Moreover, while section 49a of the Public Utilities Act (Ill Rev Stats (1965), c 111⅔, § 49a) proscribes discontinuing an individual's service, it is expressly provided that the statute does not thereby limit the right of a public utility to discontinue service in accordance with the effective rules, regulations and practices of such public utility. Accordingly, we conclude that the mere fact of a wilful discontinuance of service does not give rise to a cause of action.

■ Finally, plaintiff contends that the trial court abused its discretion in not allowing him to amend his complaint. As to the order of April 12, it does not appear whether or not plaintiff had asked for leave to amend his complaint at that time, nor does the record disclose what reason the court may have had for including in its order a denial of leave to amend. In plaintiff's written motion to vacate that order, filed three weeks later, plaintiff complained of having been denied leave to amend, but still made no request for such relief, and failed to attach to his motion or incorporate in the record any proposed amendment or amended complaint. Under these circumstances we cannot find error in the court's refusal to vacate its prior order, as neither that court nor this has been afforded any way of determining whether a second attempt to state a cause of action would have been any more successful than the first; or, for that matter, whether on the facts of the case, it would have been legally possible for him to have stated a cause of action. We therefore must assume that plaintiff suffered no prejudice. Lowrey v. Malkowski, 20 Ill2d 280, 285, 170 NE2d 147.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.