THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY TUCKER, Defendant-Appellant.

(No. 54837;

First District—December 28, 1971.

Chester A. Lizak, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant Stanley Tucker together with Edward Martin and Eugene Tucker were indicted on a charge of armed robbery. Martin and Eugene Tucker pleaded guilty. Defendant was tried by a jury and found guilty of armed robbery. He appeals from a judgment on the verdict, contending that the trial court erred with respect to the following matters: (1) in failing to appoint separate counsel for him; (2) in failing to rule on his petition for substitution of judges; (3) in denying his motion to suppress identification testimony; (4) in allowing the State to introduce evidence of other crimes; and (5) in imposing an excessive minimum sentence. The facts follow.

Three men held up the Bob-Tail Inn, a tavern at 2500 South Throop Street, Chicago, at 1:50 A.M. on January 23, 1969. Billy Joe Glass, the bartender, called the police and then went with them on a driving tour through the area in the course of which, as the suspects were in the process of being arrested by other police officers, he saw and identified the defendant and two others as the men who had robbed the tavern. Later that evening Glass identified the same three men at a police lineup.

The two accused robbers who pleaded guilty were sentenced to a term in the penitentiary. Defendant Tucker pleaded not guilty, was tried, found guilty and sentenced to eight to ten years in the State Penitentiary. We proceed to consider defendant's first charge of error—that he was denied proper and effective assistance of counsel because there was a conflict of interest arising from his counsel's representation of the codefendants who had previously pleaded guilty.

A defendant is entitled to separate counsel if his position is antagonistic to that of codefendants. (*People v. Dolgin*, 415 Ill. 434, 114 N.E.2d 389.) Such a situation arises where codefendants are represented by one lawyer and a defendant who has pleaded guilty testifies at the trial of a second defendant to facts detrimental to that defendant. (*People*

*v. Ware,* 39 Ill.2d 66, 233 N.E.2d 421.) In the case before us that situation does not exist. Here defendant was tried separately from his codefendants, who were then serving sentences in the penitentiary and neither of them testified for the State. (See *People v. Stasin,* 113 Ill.App.2d 466, 251 N.E.2d 307.) Moreover at the trial there was no motion for withdrawal made at any time nor are there any allegations of conflict of interest in the record or any testimony which would indicate a conflict. Under these circumstances the court's failure to appoint separate counsel for defendant Tucker is not error. See *People v. Wolff* (1960), 19 Ill.2d 318, 167 N.E.2d 197, *cert.* den. 364 U.S. 874.

Defendant next contends that the trial court erred when it failed to rule on or conduct a hearing on his petition for substitution of judges. While such a petition was filed, it was not brought to the attention of the court nor did the defendant demand a hearing prior to the commencement of trial. The Code of Criminal Procedure (Ill. Rev. Stat., 1969, ch. 38, par. 114—5(c) ) provides that "any defendant may move at any time for substitution of judge for cause supported by affidavit. Upon filing of such motion the court shall conduct a hearing and determine the merits of the motion." Defendant urges that the language of the statute requires the trial court to hold a hearing on the petition for substitution of judge and failure to do so is reversible error.

■■■ The change of venue statute while liberally construed cannot be read so as to contravene its express provisions and the applicants are held to the statutory requirements. (*People v. Goss,* 20 Ill.2d 224, 170 N.E.2d 113; *cert.* den. (1961), 365 U.S. 881.) The requirements for a hearing under Section 114—5(c) of the Code of Criminal Procedure have been set out by this court in *People v. Lagardo,* 82 Ill.App.2d 119, 226 N.E.2d 492. Defendant must show cause. The motion must be supported by affidavit and the petition may be directed at only one judge and the court must conduct a hearing if the statute is complied with. The requirement of naming only one judge is apparent when Section 114—5(c) is compared with Section 114—5(a), ch. 38, Code of Criminal Procedure, which provides for substitution of judges on motion filed within ten days after the case is placed on a trial judge's call. Section 114—5(a) provides specifically for the substitution "of judge or any two judges." Section 114—5(c) provides only for "substitution of judge." In the case at bar defendant failed to meet the requirements of Section 114—5(c) since he named not one but four judges of the Criminal Division of the Circuit Court of Cook County. Since defendant did not comply with the statute, it was not necessary for the trial court to conduct a hearing on the motion.

■■■ Defendant as before stated waived his right to a hearing on his petition by failing to inform the court of the pendency of the motion and

by failing to demand a hearing thereon before the cause went to trial. A petition for substitution of judge must be filed at the earliest practical time. (*People v. Lawrence,* 29 Ill.2d 426, 194 N.E.2d 337; *cert.* den. (1964), 376 U.S. 946.) This rule is designed to preclude counsel from ascertaining the attitude of the court on a hearing related to some issue of the case and then, if the court's judgment is not in harmony with counsel's theory, asserting the prejudice of the court as a ground for allowing change. (*People v. Arnold,* 76 Ill.App.2d 269, 222 N.E.2d 160; *People v. Ehrler,* 114 Ill.App.2d 171, 252 N.E.2d 227.) The reasoning behind the earliest practical filing rule is applicable to the case before us in that defendant did not call the attention of the court to his petition. It is not sufficient merely to file a petition. It must be brought to the attention of the trial court in ample time. A motion for change of venue "must be *presented* at the earliest practical moment." (Emphasis ours.) (*People v. Jones,* 51 Ill.App.2d 391, 394, 201 N.E.2d 194, 196.) See also *People v. Ehrler, supra,* at p. 230. We find no error in the trial court's failure to rule on defendant's petition for substitution of judge.

■■ Defendant next contends that he was denied the assistance of counsel at a critical stage of the prosecution, namely, the identification of defendant by witness Glass on the street and at the subsequent lineup. This, he argues, was in violation of *United States v. Wade* (1967), 388 U.S. 218. Our courts have held that the *Wade* rule applies only to post-indictment confrontations. (*People v. Palmer,* 41 Ill.2d 571, 244 N.E.2d 173; *People v. Cesarz,* 44 Ill Ill.2d 180, 255 N.E.2d 1.) The United States Supreme Court has also indicated that the *Wade* rule applies only to post-indictment lineups. In *Simmons v. United States* (1968), 390 U.S. 377 the court said of lineup cases (p. 382):

"The rationale of those cases was that an accused is entitled to counsel at any critical stage of the prosecution, and that a *post-indictment* lineup is such a critical stage. (Emphasis ours.)"

Since defendant Tucker was identified in the street before indictment and only 45 minutes after the robbery, the identification did not violate the *Wade* rule. The lineup at which the witness again identified defendant also took place before any indictment was returned. The lineup was not such a critical stage of the prosecution as required counsel.

■■ Defendant argues that the confrontation with Glass was so unnecessarily suggestive and conducive to irreparable mistaken identification that it amounted to a denial of due process, citing *Stovall v. Denno* (1967), 388 U.S. 293; *People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152. Under *Stovall, supra,* the defendant must show, based on the totality of the surrounding circumstances, that the viewing of the accused was so wanting in fundamental fairness as to deprive him of due process of law.

(*People v. Nelson,* 40 Ill.2d 146, 238 N.E.2d 378.) In the instant case the identifying witness was not coached by police, was not shown the defendant in a one on one show-up, nor did the police even suggest to the witness that Tucker was under suspicion for robbery of the Bob-Tail Inn. These surrounding circumstances indicate that the confrontation was fundamentally fair and not conducive to mistaken identification of defendant. The trial court properly denied the defendant's motion to suppress the identification.

▉▉▉ Defendant contends further that the trial court in allowing the State to introduce evidence of other crimes of the defendant, violated the well settled principle that evidence of a separate, distinct substantive offense cannot be admitted in support of another offense and cites in support thereof *People v. King,* 276 Ill. 138, 114 N.E. 601. The evidence in question is the testimony of police officer Frank Juraska. He testified that he was called to investigate a robbery at the Gin Mill Tavern (not the tavern robbery for which defendant was charged) and thereafter arrested defendant and others. Officer Juraska's testimony did not violate the rule excluding evidence of a defendant's other crimes, since the testimony came within a well defined exception to the rule. His testimony, while inferring that defendant was involved in a second crime, was relevant to the instant case as it placed defendant near the scene of the crime for which he was charged shortly after the crime. Evidence with respect to other offenses is admissible when it is relevant to the main issue which serves to place the accused in proximity to the time and place of the offense charged. *People v. Hyde,* 97 Ill.App.2d 43, 239 N.E.2d 466; *People v. Brown,* 76 Ill.App.2d 362, 222 N.E.2d 227; *People v. Horton,* 78 Ill. App.2d 421, 223 N.E.2d 202.

▉▉ Defendant urges that the testimony of Judge Joseph Wosik, placing defendant at the Gin Mill tavern, was evidence of another crime and not admissible. That testimony was used to rebut defendant's alibi and was therefore entirely proper. *People v. Campbell,* 323 Ill. 129, 153 N.E. 596; *People v. Olbrot,* 117 Ill.App.2d 366, 254 N.E.2d 569; *cert.* den. (1970), 400 U.S. 959.

▉▉▉ Defendant next contends that the admission in evidence of a shotgun and shells found on his person at the time of his arrest constituted prejudicial error, since the weapon was not used in the crime for which he was charged. The question is not whether the record is perfect, but whether defendant had a fair trial and whether the conviction is based on evidence establishing guilt beyond a reasonable doubt. (*People v. Sleezer,* 9 Ill.2d 57, 136 N.E.2d 808.) Errors in the admission of evidence do not require reversal where it is clear from the record that the defendant was guilty beyond all reasonable doubt. (*People v. Tranowski,* 20 Ill.2d 11,

169 N.E.2d 347, *cert.* den. 1960, 364 U.S. 923.) In the case before us the evidence proved beyond all reasonable doubt that defendant was guilty. His fingerprints were found at the scene and an eyewitness identified him. In addition the State rebutted his alibi through two witnesses. The admission of the shotgun and shells in evidence was therefore harmless error. Finally we proceed to consider defendant's contention that the trial court erred in imposing an excessive minimum sentence of eight years.

■■■■ When a sentence is within the limits prescribed by the legislature, the reviewing court should not disturb it unless it clearly appears that the punishment constitutes a great departure from the fundamental law in spirit or purpose. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) Defendant was previously convicted in 1965 of two counts of armed robbery and violated his parole in 1967. A minimum sentence of eight years is not excessive. See *People v. Gray,* 33 Ill.2d 349, 211 N.E.2d 369.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.