THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALONZO DAVIS, Defendant-Appellant.

(No. 56033; )

First District—December 28, 1972.

Leo E. Holt, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald F. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant was found guilty of murder in a bench trial and was sentenced to the penitentiary for a term of not less than fourteen years nor more than fifteen. The only issue on appeal is whether the trial judge erred in denying his petition for change of venue.

The indictment was returned before the Presiding Judge of the Criminal Division on August 20, 1970 and continued. On August 27, the defendant was arraigned and the case was assigned to Judge Alfonse F. Wells for trial. On motion of the defendant the Presiding Judge set the date of September 21, 1970.

On September 21, the defendant and his attorney appeared before Judge Wells and the following occurred:

"Mr. Ruttenberg: Good morning, Your Honor. If the court please, we would like to present the defendant's petition for a change of venue, a signed affidavit at this time.

The Court: Is this the first time up?

Mr. Callahan: According to this half sheet here, when there was a motion defendant 27—Was that in our courtroom?

Mr. Ruttenberg: That was before Judge Power.

The Court: That was before Judge Power. It was continued until the 21st, but it was assigned to me August 27. I think the motion has to be made within ten days of the time it is on my call.

Mr. Callahan: According to the file, Judge, it is beyond the ten days now. We would ask the motion be denied.

Mr. Ruttenberg: It is my understanding, Your Honor—

The Court: It is incumbent upon you to come in here with your petition for substitution of judge within that ten-day period. All you had to do was to come in here and present that motion. Ten days runs from the time it is put on my call. Motion for a change of venue is denied. I take it you are not ready?

Mr. Ruttenberg: No, Your Honor. Could you possibly set a short date for some motion?

\* \* \*

The Court: How about Wednesday, September 30, or Friday, October 2?

Mr. Ruttenberg: The 30th would be better, Your Honor."

The case was later continued six times and tried on February 22, 1971. The defendant waived the jury on that date.

The petition for change of venue alleged in pertinent part:

"Your petitioner \* \* \* fears that he will not receive a fair and impartial trial \* \* \* before the Honorable Alfonse F. Wells, \* \* \* because the said Judge is prejudiced against the defendant herein.

Your petitioner \* \* \* fears he will not receive a fair and impartial trial before the Honorable George E. Dolezal, \* \* \* because he is also prejudiced against the defendant.

Your petitioner further alleges that the knowledge of said prejudice did not come \* \* \* prior to ten days before filing \* \* \* but \* \* \* came \* \* \* less than ten days before the making of this application; that said knowledge came \* \* \* on the 16th day of September, 1970.

Wherefore, * * * he respectfully prays this court to allow a change of venue and for an order referring this matter to the Chief Justice [sic] for reassignment."

The petition was accompanied by the affidavit of the defendant stating that he had read the petition and that it was true, "in substance and in fact."

Chapter 38, Section 114-5, Illinois Revised Statutes, 1969, is as follows:

"Section 114-5 Substitution of Judge

(a) Within ten days after a cause involving only one defendant has been placed on the trial call of the judge the defendant may move the court in writing for substitution of judge or any two judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion.

* * *

(c) In addition to the provisions of subsections (a) and (b) of this Section any defendant may move at any time for substitution of judge for cause, supported by affidavits. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

The defendant contends that since his petition is governed by subsection (c) the trial court erred in denying it without first affording him a hearing, citing *People v. Ethridge*, 78 Ill. App.2d 299, 223 N.E.2d 437. The defendant's contention, however, begs the question: which subsection does govern?

The heart of the defendant's argument lies in the very infirmity correctly ascribed to the petition by the trial judge. He argues that, because a petition under subsection (a) must be filed within ten days after being placed on a trial call, any petition supported by affidavit filed after ten days necessarily falls under subsection (c). We conclude otherwise.

The *Ethridge* case and subsequent cases have all held that the naming of only one judge is required under subsection (c). *People v. Lagardo*, 82 Ill.App.2d 119, 226 N.E.2d 492; *People v. Morrow*, 100 Ill.App.2d 1, 241 N.E.2d 680; *People v. Tucker*, 3 Ill.App.3d 273, 278 N.E.2d 141.

In the *Tucker* case the court said at page 277:

"The requirement of naming only one judge is apparent when Section 114-5(c) is compared with Section 114-5(a) * * *. In the case at bar the defendant failed to meet the requirements of Section 114-5(c) since he named not one but four judges * * *. Since the defendant did not comply with the statute, it was not

necessary for the trial court to conduct the hearing on the motion." Since the petition here named more than one judge, it did not come within the purview of subsection (c) and the hearing was not required. Since concededly subsection (a) is not applicable or was contravened, the denial of the petition for change of venue was not error. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.