RAYLENE C. BURKE, Plaintiff-Petitioner-Appellee, *v.* GERALD BURKE, Defendant-Respondent-Appellant.

First District (4th Division)   No. 76-1235

Opinion filed June 1, 1978.

Martin Tuchow, Bernard Kaufman, and Stuart N. Litwin, all of Chicago, for appellant.

Jerome Berkson and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago (Miles N. Beermann, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County wherein the respondent, Gerald Burke, appeals from the denial of his motion for a change of venue and the ruling of the trial court.

There are only two issues we need consider on review. The first issue is whether or not this court has jurisdiction to consider this appeal. The second issue is whether or not the trial court improperly denied the motion of the respondent for a change of venue.

The facts of the case are the petitioner, Raylene Burke, filed a petition for the enforcement and modification of a divorce decree which had been entered 13 years ago. Sixteen days before the hearing on the petitioner's motion, the original attorney for the respondent obtained leave of court to withdraw as attorney of record. The respondent was absent from the city when the motion to withdraw was allowed. On the Wednesday before the hearing on Friday he retained his present counsel. At the hearing on Friday counsel presented a petition for change of venue based on the prejudice of the trial judge. There were no continuances before the hearing. The trial judge, however, characterized the petition for a change of venue as a "sham" and a "fraud." After extensive discussion and testimony by the respondent, the trial judge denied the motion for a change of venue.

The appellee suggests to this court that the notice of appeal filed by the respondent is defective in that it does not specify the order being appealed. The notice of appeal specifies the final order of August 26, 1976. Supreme Court Rules 301 and 303 (Ill. Rev. Stat. 1975, ch. 110A, pars. 301, 303) provide:

> "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding. All rights that could have been asserted by appeal or writ of error may be asserted by appeal. No formal exception need be taken in order to make any ruling or action of the court reviewable." Ill. Rev. Stat. 1975, ch. 110A, par. 301.

> "(2) It shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." Ill. Rev. Stat. 1975, ch. 110A, par. 303.

Our courts have consistently interpreted these rules as follows:

> "Stated broadly, the purpose of a notice of appeal is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. Admittedly, the notice is jurisdictional, but it has been generally held that where the deficiency in the notice is one of form only, and not of substance, the appellate court is not necessarily

deprived of jurisdiction. (*Bank of Republic v. Kaspar State Bank,* 369 Ill. 34.) Also the notice should be considered as a whole and where the notice fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the proceedings, then the absence of strict technical compliance with the form of notice is not fatal." *Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072, 1075.

In the instant case, the notice of appeal states "the defendant-appellant appeals to the Appellate Court of Illinois for the First District from the Order of August 26, 1976 entered by the Honorable Judge John J. Crown, and particularly, paragraphs 1 through 12 contained therein." The order of August 26, 1976, herein referred to, as entered by Judge Crown specifically states:

> "* * * and the defendant having filed a petition for Change of Venue * * * and the court having denied the petition for change of venue * * *."

■■ The appellee's contention she was without notice of the order being appealed from is without merit. This court has jurisdiction and the appellee knew or should have known the question of the denial of the change of venue was an issue before this court.

Section 1 of "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1975, ch. 146, par. 1) provides:

> "A change of venue in any civil action may be had * * * [w]here any party * * * fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him * * *."

■■ In the instant case the respondent testified he did not believe he would receive a fair trial and there was a proper motion for a change of venue presented by counsel. The trial judge conducted a lengthy hearing, demanding proof of his prejudice, which was erroneous. The trial judge cannot inquire:

> "If a petition for a change of venue is timely, in proper form, and in compliance with the statute, the right to a change of venue in both civil and criminal cases is absolute. The trial judge has no discretion as to whether or not the change will be granted and cannot inquire as to the truthfulness of the allegations of prejudice." *Rosewood v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 250-51.

The right of a change of venue is absolute:

> "The right to a change of venue is absolute, provided that the requirements of the statute are met. Upon the filing of a petition which is in compliance with the statute the trial judge loses all

power over the case except to make the necessary orders to effectuate the change." *People v. McGlothen* (1962), 26 Ill. 2d 392, 394.

Accordingly, for the reasons contained herein, the order of the trial court denying the motion for a change of venue is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.