THE PEOPLE *ex rel.* PHYLLIS A. ALEXANDER, Petitioner-Appellant, *v.*
IGNATIUS J. KEOGH *et al.*, Respondents-Appellees.

Fourth District    No. 15573

Opinion filed March 17, 1980.

MILLS, P. J., dissenting.

Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington, for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Petitioner presents her interlocutory appeal from the order of the trial court which denied a petition for substitution of judges executed, verified and filed by petitioner and by her counsel. 73 Ill. 2d R. 308.

Petitioner's complaint in *mandamus* against the jury commissioners of McLean County challenged the procedures for jury selection. She thereafter sought leave to amend the complaint to add all judges in the judicial circuit as parties-defendant. The supreme court thereupon assigned a judge from another circuit to hear the cause.

On March 22, 1979, the assigned judge attended court upon the matter of the motion for leave to amend the complaint in *mandamus*. Petitioner appeared by counsel but not personally. The written order filed by the assigned judge states, in part:

"The hearing was begun and concluded and the motion was allowed without objection from Defendants' counsel."

The only judicial action taken was to order the filing of the amended complaint *instanter* and direct that the defendants answer or otherwise plead within 21 days.

That order further recites that in response to the court's inquiry defendants' counsel stated that he agreed that the amended complaint should be filed but that he was reserving the right to file a motion to dismiss the complaint. Incident to the inquiry, the court stated that he "was not completely satisfied" with the ruling of his predecessor judge which had denied defendants' motion to dismiss the complaint and stated that the court was "not necessarily bound" by such previous ruling.

Thereafter, on the same day, petitioner and counsel executed, verified, and filed a petition for change of venue from the judge. There is no contention that the petition is faulty as to form. Ill. Rev. Stat. 1977, ch. 110, par. 501 *et seq.*

The order of the trial court found:

> "The undersigned Judge finds that the motion for substitution of Judge is not timely; was filed after a hearing and a ruling on a substantial matter; was based on comments of the Trial Judge which were an integral part of the hearing aforesaid; and further attempts to contravene the Order of the Illinois Supreme Court specially assigning the undersigned Judge to hear the case."

The statute providing for a change of venue states in part:

> "A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on *any substantial issue* in the case, * * *." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110, par. 503.

In *Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 250-51, 311 N.E.2d 673, 675, the court stated:

> "If a petition for a change of venue is timely, in proper form, and in compliance with the statute, the right to a change of venue in both civil and criminal cases is absolute. The trial judge has no discretion as to whether or not the change will be granted and cannot inquire as to the truthfulness of the allegations of prejudice."

In the language of the statute it clearly appears that no elements of a "trial" of the cause are present. In the second aspect, we cannot say that the granting of a motion to amend a complaint as to which there is no objection constitutes a judicial act or a matter of discretion exercised as to a "substantial issue in the case" after hearing by the trial judge. It appears to be clear that there was no dispute, substantial or otherwise, with regard to the granting of that motion to amend. *Sansonetti v. Archer Laundry, Inc.* (1976), 44 Ill. App. 3d 789, 358 N.E.2d 1142; *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 340 N.E.2d 68.

The written order of the trial court recites that the petitioner did not know the trial judge and did not attend the "hearing," and concluded that

the motion for substitution was the product of petitioner's counsel who "was dissatisfied by the comments of the Judge."

We distinguish the facts found here from those reported in *People v. Lawrence* (1963), 29 Ill. 2d 426, 427-28, 194 N.E.2d 337, 338, where defense counsel requested a conference for the stated purpose of "disposing" of his cases and thereafter moved for a substitution of judges. The opinion in *Lawrence* concludes that the petition for change of venue came only after defendant sought a conference for the:

> "[O]bvious purpose of obtaining a lenient disposition of the charges without the necessity of a trial, and only after defendant ascertained what punishment he might receive if he pleaded guilty. [Citation.] We concur with the trial court that the request for a conference was in the nature of a preliminary motion treating to a degree on the merits of the case and designed to elicit the judge's views with respect thereto. Having sought and obtained those views, the petition came too late."

So far as this record discloses, petitioner's counsel only presented the uncontested motion to amend without inquiry or request of the trial judge. We must conclude that the comments of the latter were volunteered. In the context of the trial court's conclusions recited as to the motivation of counsel, it appears that there was, in fact, inquiry into the merits of the motion for substitution contrary to the rule stated in *Rosewood*.

The order appealed is reversed and the cause is remanded to the circuit court of McLean County for further proceedings.

Reversed and remanded for further proceedings.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE MILLS, dissenting:
Substitution comes too late for me.
I would affirm.

This case was originally assigned to Chief Judge John McCullough. Petitioner thereupon filed a motion for leave to file an amended petition for writ of mandamus which would add as defendants certain circuit judges of the 11th judicial circuit, including Judge McCullough. Judge James D. Heiple of the Tenth Judicial Circuit was then specially assigned by the Supreme Court of Illinois to hear the case.

(Following Judge Heiple's denial of the request for substitution of judge, petitioner filed an application with the supreme court for interlocutory appeal and that tribunal ordered the transfer of this case to

the Fourth District Appellate Court. We exercised our discretionary jurisdiction in relation to interlocutory orders not otherwise appealable— conferred by Supreme Court Rule 308 (73 Ill. 2d R. 308)—and allowed the appeal.)

The right to a change of venue due to the prejudice of the trial judge is absolute *if* the requirements of the statute are met. Those requirements appear in section 3 of an Act to revise the law in relation to change of venue (Ill. Rev. Stat. 1977, ch. 110, par. 503):

> "A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds."

Obviously, the threshold question in this appeal is whether the petition for change of venue was presented either (1) before hearing and/or (2) before a ruling on a substantial issue.

In regard to the former, a hearing was held on March 22, 1979, wherein a motion for leave to file an amended petition for writ of mandamus was presented. The motion for substitution of judge was not filed until *after* the hearing on the amended complaint was concluded. Clearly, the first of the two requirements was not met.

The second requirement that the petition for substitution of judge be made before the judge to whom it is presented has ruled on any substantial issue is a complex question and has been variously interpreted by the Illinois courts. There is no one point in a trial or hearing where it has been conclusively held that a ruling at that point, or thereafter, will be considered a ruling on a substantial issue. It has been held that a petition for change of venue came too late when it was presented to the court after the court had denied a defendant's motion to strike the complaint. (*Swanson v. Randall* (1964), 30 Ill. 2d 194, 195 N.E.2d 656.) In the case at bar, the original judge denied defendant's motion to dismiss. Clearly, that is a ruling on a substantial issue. The petition for change of venue, however, was presented to a successor judge; therefore, the judge to whom it was presented had not ruled on *that* substantial issue.

Case law has interpreted the intention of the legislature that motions for substitution of judge be filed at the first practicable moment. Consider the language of *Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 243 N.E.2d 855, interpreting the predecessor statute to section 1 of the venue act (Ill. Rev. Stat. 1977, ch. 110, par. 501) *i.e.* (Ill. Rev. Stat. 1975, ch. 146, par. 1):

> "The statutory right to a change of venue [citation] does not extend beyond the time at which the judge has indicated a position

or made a ruling upon a substantive issue in the cause." (103 Ill. App. 2d 425, 428, 243 N.E.2d 855, 857.)

There can be no question that Judge Heiple indicated a position in relation to a matter of substance as he expressed reservation as to the soundness of the ruling of the earlier judge denying the motion to dismiss. Judge Heiple further stated that he was reserving the right to decide questions of law in the case and was not bound by rulings of predecessor judges. Those statements clearly indicate that Judge Heiple had an adverse view of the case.

Virtually every case can be distinguished from another on facts alone. And the majority has done this with the case of *People v. Lawrence* (1963), 29 Ill. 2d 426, 194 N.E.2d 337, *cert. denied* (1964), 376 U.S. 946, 11 L. Ed. 2d 770, 84 S. Ct. 804. But *Lawrence* nevertheless solidly enunciates the sound legal and pragmatic reasoning behind denying changes of venue after a judge has indicated a position.

"We concur with the trial court that the request for a conference was in the nature of a preliminary motion treating to a degree on the merits of the case and designed to elicit the judge's views with respect thereto. Having sought and obtained those views, the petition came too late. Were we to hold otherwise, a petition for a change of venue could, in effect, be used as a vehicle to permit a defendant to 'shop' among the judges of a court for the one most leniently disposed * * *." 29 Ill. 2d 426, 428, 194 N.E.2d 337, 338.

I see no reason to disturb the historical interpretation that a change of venue is not a matter of right after the trial judge has made apparent an adverse attitude, notwithstanding the statutory amendment. Indeed, the public policy remains the same. The appellate court in *Barnes*, ruling that the right does not extend beyond the time the judge has indicated a position, illustrated their reasoning thusly: "Any other construction would make it possible for a litigant to wait until ascertaining a judge's adverse view of the case before deciding to request a change of venue—a situation which would subvert the whole trial system." 103 Ill. App. 2d 425, 428, 243 N.E.2d 855, 857.

It seems clear to me that this public policy is based upon sound reason and should be exercised in this instance. Considering the fact that the hearing had begun, the fact that the judge had indicated a position adverse to the petitioner, the fact that the petition for change of venue was not filed until after the hearing on the motion, and especially the fact that petitioner was not even present at the hearing, it is apparent that petitioner's attorney perceived an adverse view and then wanted to switch judges. I see this as nothing more than an undertaking to eliminate a judge who may differ with petitioner's theory of the litigation and hopefully secure a judge more sympathetic with petitioner's case.

Further, as I have noted, what is or is not a ruling on a substantial issue in Illinois is determined by a case-by-case analysis. In the case at bench, the ruling of Judge Heiple granting the petition for an amended writ of mandamus was itself a ruling indeed on a substantial issue. *Substantial issue*, by plain definition, is that which relates to the essential nature of a matter in dispute between the parties, or that which has a direct bearing on the merits of a case.

By granting the amended petition for writ of *mandamus*, Judge Heiple sanctioned the addition as defendants of seven of the circuit judges of the Eleventh Judicial Circuit. The original action challenged the methods and procedures followed in McLean County for jury selection, the county in which the Eleventh Judicial Circuit extends its jurisdiction. It seems axiomatic to me that the addition of circuit judges of the Eleventh Judicial Circuit as defendants directly relates to the essential nature of the dispute between the parties, and directly bears on the merits of the case.

Parenthetically, it is passing strange to note the State's position in this appeal. (Or perhaps I should say its lack of position.) No brief was filed on behalf of defendants, and there was, of course, no oral argument for them. The entire position of the State's Attorney was contained in a letter from him to the clerk of this court which simply said:

> "On consideration of the issue involved on this appeal, I wish to inform you that this office will not be filing a brief on behalf of the defendants. We will also waive oral argument.
>
> I would like to emphasize that this should not be taken in any way to mean that we are in agreement with Mr. Mirza's position—we are not. Due to the nature of the issue, however, we merely waive the filing of a brief and oral argument."

A paradox—insofar as this record reflects!

As I say, substitution comes too late for me. I dissent.