(No. 35898.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDY KOSTOS, Plaintiff in Error.

*Opinion filed March 29, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

After a jury trial in the criminal court of Cook County, the defendant, Andy Kostos, was found guilty of the crime of burglary and was sentenced to the penitentiary for a term of five years to life. He prosecutes this writ of error contending initially that the court erred in denying his application for a change of venue.

Defendant was arrested on December 22, 1958, was indicted on February 6, 1959, and was arraigned on February 13, 1959, at which time he entered a plea of not guilty and the cause was continued to February 18, 1959. Subsequently, between the latter date and December 9, 1959, the cause was continued on numerous occasions mostly on motion of the defendant but on two occasions on motion of the People. When December 9 was reached the court ordered the cause held on call for trial upon twenty-four hour notice.

Collateral facts having significant relation to the long delay in trial, and to the matter of a change of venue, show that a second indictment, charging a separate and distinct crime, was also returned against defendant on February 6, 1959, and assigned to the same judge who presided in this case. Defendant was eventually brought to trial under the second indictment on September 23, 1959, and was found guilty by a jury. On October 29, 1959, he was sentenced to a term of five to twenty years in the penitentiary. However, the *mittimus* was stayed and did not issue until December 9, 1959, the same day upon which the present cause

was ordered to be held on twenty-four hour call. The simultaneous occurrence of these events was not mere co-incidence.

It appears that a conference concerning both causes, at which defendant was not present, was held in the judge's chambers on December 9. At this time the prosecution urged defendant's counsel to plead his client guilty to the present charge "so as to make a package deal" as to both charges. Counsel was receptive to the idea, provided some reduction in defendant's sentence would be granted, but consideration of a "deal" was abruptly dropped when the court declined to reduce sentence. During this conference counsel interpreted certain remarks of the court as manifesting a predetermined conclusion of guilt, but, at the later hearing on defendant's petition for a change of venue, the court vehemently denied that such was the case and pointed out that anything he had said was for counsel's benefit and spoken with relation to the proposal to dispose of both charges against the defendant at one time.

Counsel conferred with defendant at the jail on December 21, 1959, told him of the events of December 9, and those facts, together with other things he had heard at the jail, caused defendant to conclude that the court was prejudiced against him. Accordingly, on December 28, 1959, defendant filed a petition for a change of venue, in which it was alleged he had learned on December 21, 1959, that the trial judge was prejudiced against him, and that he feared he would not receive a fair and impartial trial. The petition was denied, the basis of the court's ruling being that since the alleged prejudice was known to counsel on December 9, the application for change of venue was not filed in apt time.

The Venue Act, (Ill. Rev. Stat. 1959, chap. 146), contains the prerequisites and provides the procedure to be followed in connection with a change of venue. Section 21 permits a change of venue on account of the prejudice of

the judge, and we have held that if the other requirements of the statute are met, the right to a change of venue on such ground is absolute. (*People* v. *Davis,* 10 Ill.2d 430.) Section 24 controls the time when application may be made as follows: "No application for a change of venue made more than thirty days after the earliest day at which the applicant might have been heard shall be allowed unless the applicant shall have given to the State's Attorney at least ten days previous notice of his intention to make such application, *except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application.*" (Emphasis supplied).

In construing the venue provisions, this court has repeatedly held that they should receive a liberal rather than a strict construction and should be construed to promote rather than to defeat an application for a change of venue, particularly where prejudice on the part of the judge is charged. (*People* v. *Chambers,* 9 Ill.2d 83; *People* v. *Dieckman,* 404 Ill. 161.) Under the circumstances reflected by the record in this case, it is our opinion that defendant's application fell within the exception provided for in section 24, and that it was not, as the People urge, made solely for the purpose of delaying and avoiding trial.

While counsel may have acquired knowledge of the alleged prejudice on December 9, it was not until twelve days later, on December 21, that any knowledge of the occurrences on December 9 came to the "knowledge of the applicant," the defendant. Under the plain wording of the statute, therefore, the petition of December 28, was filed in apt time.

We do not mean to say that counsel in every case may arbitrarily extend the limits of section 24 by delaying or withholding information concerning prejudice from his client. In this case, however, we see neither unreasonable delay nor a lack of ordinary diligence on counsel's part.

Other errors are assigned but are not properly before

us inasmuch as where the right to change of venue exists, the trial judge loses all power and authority over the case except to make the necessary orders to effectuate the change; and the denial of the petition constitutes reversible error. (*People* v. *Davis,* 19 Ill.2d 430; *People* v. *Rosenbaum,* 299 Ill. 93.) Moreover, the assignment of error that the trial court erroneously denied a petition to suppress evidence is such that it may not occur on a new trial.    .   .    .   .

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*