(No. 336847.— ▮▮▮▮▮▮)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY WALLENBERG, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JULIUS LUCIUS ECHELES, and THOMAS P. CERNEK, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Anthony Wallenberg, was found guilty of assault with intent to commit murder and not guilty of burglary in a bench trial in the criminal court of Cook County. He was sentenced to a term of 10 to 20 years in the penitentiary. It is now contended that the court erred in denying his application for a change of venue.

Defendant was arraigned on July 29, 1960, at which time he entered his plea of not guilty and the causes were continued to August 10. They were continued four times until November 4 when they were held on call. The continuances were occasioned by motion of the public defender, by private counsel's withdrawal and because of the State's failure to furnish a list of witnesses. They were set for trial at 2 P.M. November 10, at which time counsel asked leave to file a petition for change of venue. The request was denied. When the causes were continued to November 14 for trial because of the State's failure to furnish a list of witnesses, counsel renewed his request for leave to file a petition for change of venue. The written petition was filed on November 14 and was denied. The petition alleged that defendant would not get a fair trial because of the court's prejudice, knowledge of which had come to him during the noon hour on November 10.

The Venue Act (Ill. Rev. Stat. 1959, chap. 146) has been the subject of this court's attention in a number of recent cases which discuss its provisions at length. (See, e.g., *People* v. *Kostos,* 21 Ill.2d 451; *People* v. *Stewart,* 20 Ill.2d 387; *People* v. *Davis,* 10 Ill.2d 430; *People* v. *Chambers,* 9 Ill.2d 83.) The right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the statute are met. (*People* v. *Kostos,* 21 Ill.2d 451; *People* v. *Davis,* 10 Ill.2d 430.) As knowledge of the court's alleged prejudice did not come to defendant's attention before November 10, the petition was filed in apt time. Since the petition was in proper form and was timely filed and because there was no indication that it was solely for the purpose of delaying or avoiding trial, the trial court erred in denying it.

The judgment of the criminal court of Cook County is reversed and the cause is remanded, with directions to grant defendant's petition for a change of venue.

*Reversed and remanded, with directions.*