(No. 36476.—▮▮▮▮▮▮▮▮▮▮)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK P. ACKERMAN, Plaintiff in Error.

*Opinion filed September 28, 1962.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Frederick P. Ackerman, a lawyer, was found guilty, after a bench trial before a judge of the criminal court of Cook County, upon several indictments that charged him with forgery, embezzlement and larceny by bailee. He received concurrent sentences of not less than four years nor more than eight years, and upon this writ of error his sole contention is that the trial judge erred in denying his motion for a change of venue. The same contention is applicable to all of the indictments, and no objection has been made to our review of all of the judgments on a single writ of error.

The first four indictments were returned against the defendant on April 1, 1960, and he was arraigned before the chief justice on those charges on April 13. At his arraignment he was represented by an attorney and his case was assigned to the trial judge who continued the case to May 16 for preliminary motions. On May 16 the defendant's attorney was given leave to withdraw and the case was continued to May 31 to enable the defendant to retain another attorney. On May 31 the defendant appeared *pro se* and advised the court that he had retained an attorney, and at the defendant's request the preliminary motions were set for July 1.

On June 3, 1960, the grand jury returned two additional indictments against the defendant, and one against the defendant and Loretta Lee Paterson. On June 30 the defendant was arraigned under the new indictments and these cases were immediately assigned to the same trial judge to whom the earlier indictments had been assigned. On June 30, upon motion of the attorney for the codefendant, all of the cases were continued until September 12. Thereafter, on the court's own motion, they were continued to October 17, and again, this time at the defendant's request, to November 28.

On November 28, 1960, the defendant presented his petitions for a change of venue, and the following occurred:

"The Court: Have you read these petitions, Mr. Lund?

"Mr. Lund [Assistant State's Attorney]: I did read them. As I recall, they weren't in proper form, Judge, for a change of venue. We object to the change of venue at this time. The case has been pending for some time.

"The Court: Are you ready for trial this morning?

"Mr. Lund: I could be ready anytime except I think I am being held for trial before Judge Covelli. I don't know for certain as yet. I have been over there, and the judge hasn't held me for trial yet and I would like to find out what Judge Covelli is going to do first before I answer ready one way or another.

"Mr. Valens: We are presenting our motion at this time for change of venue based upon the representations made by the defendant herein. I am asking that the motions be granted, your Honor.

"'The Court: Are you ready for trial this morning?

"Mr. Valens: No, your Honor. I am not. I am making a motion also for leave to withdraw as attorney for defendant.

"The Court: Your petitions are not in proper form. * * * These petitions are not in proper order and I will have to deny the motion.

"'I have a case on trial now. I will hold you until the conclusion of this case."

The case was then continued until December 12, 1960. On December 12 the Assistant State's Attorney was engaged in another court and the cases were continued to January 23, 1961. On that date the attorney for the defendant sought to renew and re-argue the motion for a change of venue "which was summarily denied, on the grounds this wasn't in proper form." The court stated: "There is no use arguing about it. This case has been on my call for seven months and was continued. The only reason the petition for change of venue was filed was because of the reason he wanted

another continuance. The motion for change of venue is denied. Let's go ahead. I have continued this and now you are being held for trial."

When the petitions for change of venue were first presented on November 28 they were denied because they were not in proper form. No objection to the form of the petitions is advanced in this court, however, and our examination of them reveals no defect. When the petitions were renewed almost two months later, on January 23, 1961, they were denied on the ground that they had been filed to secure delay. But from the situation as it existed on November 28 it is difficult to see how it can be said that these petitions were interposed solely for delay. On that date the judge was trying another case before a jury which he anticipated would last about a week. Moreover, the prosecutor was not ready to try the case either on that date or on December 12, the date to which the case was continued.

What was said in *People* v. *Wallenberg*, 24 Ill.2d 355, 356, is applicable here: "The Venue Act (Ill. Rev. Stat. 1959, chap. 146) has been the subject of this court's attention in a number of recent cases which discuss its provisions at length. (See, *e.g., People* v. *Kostos*, 21 Ill.2d 451; *People* v. *Stewart*, 20 Ill.2d 387; *People* v. *Davis*, 10 Ill.2d 430; *People* v. *Chambers*, 9 Ill.2d 83.) The right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the statute are met. (*People* v. *Kostos*, 21 Ill.2d 451; *People* v. *Davis*, 10 Ill.2d 430.)" The petitions for change of venue stated that the knowledge of the court's alleged prejudice did not come to the attention of the defendant until November 21 and the petitions were therefore filed in apt time. Since they were in proper form and were filed in due time, and since the record does not support the contention that they were filed solely for the purpose of delaying or avoiding trial, it was error to deny them.

The judgment of the criminal court of Cook County is

reversed and the cause is remanded, with directions to grant the defendant's petitions for change of venue.

*Reversed and remanded, with directions.*