(No. 36669.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE MOORE, Plaintiff in Error. :

*Opinion filed November 30, 1962.*

GERALD W. GETTY, Public Defender, of Chicago, (ARTHUR H. ZIMMERMAN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was charged by indictment with the unlawful sale of narcotic drugs. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a

term of not less than ten years nor more than eleven years. His sole contention on this writ of error is that the trial court erred in denying his petition for a change of venue.

The record shows that on February 17, 1961, defendant was arraigned and the public defender was appointed to represent him. Defendant pleaded not guilty and the case was assigned to Judge Canel. Both parties agree that the case was set for March 16, 1961, although this is not clearly shown by the record.

On March 16, 1961, when the case was called at a late hour, an assistant public defender advised the court that defendant had just asked him to prepare a change of venue. The court, stating that "this case is on trial," said, "The change of venue is denied." The court then asked if defendant wanted a jury or bench trial, and defendant requested a jury trial. Since there were no jurors left in the building, the court continued the case until the morning of the next day, March 17, 1961.

On March 17, 1961, defendant presented a petition for a change of venue. The court said, "All right. It is denied yesterday. File it." The court then asked if the defendant wanted a jury trial or a bench trial. Defendant waived trial by jury. The ensuing bench trial resulted in the conviction from which this writ of error is prosecuted.

The petition for change of venue which was presented to the trial court on March 17, 1961, was in compliance with the applicable statutory provisions. (Ill. Rev. Stat. 1959, chap. 146, par. 18 *et seq.*) It was accompanied by defendant's affidavit alleging that he believed the judge was prejudiced against him and that he would not receive a fair trial, and that knowledge of the judge's prejudice had first come to him on March 16, 1961.

We have held that the right to a change of venue on account of the alleged prejudice of the judge is absolute if the requirements of the statute are met. (*People* v. *Wallenberg*, 24 Ill.2d 355; *People* v. *Kostos*, 21 Ill.2d 451.) De-

fendant, relying upon these decisions, contends that the trial judge erred in denying his petition.

We do not understand the People to dispute the proposition that the right to a change of venue on account of alleged prejudice of the trial judge is absolute if the requirements of the statute are met. Rather, we understand the People's contention to be that the trial judge properly denied a change of venue on March 16 because no written petition in compliance with the statute was presented on that date, and that the trial judge in fact made no ruling on March 17, but simply stated he had already denied the change of venue the day before and thus would not consider the written petition. The right to a change of venue should not be frustrated by so tenuous an argument. Whatever the trial judge conceived to be the formal scope of his ruling or failure to rule on either March 16 or 17, it is apparent that his action on both days was arbitrary and erroneous. The record indicates that defense counsel had not had an opportunity to prepare a formal application for a change of venue on March 16. Under these circumstances, the judge should have given the defense an opportunity to prepare an application in the form prescribed by statute and should not have summarily denied defendant's right to apply for a change. (*People* v. *Shiffman,* 350 Ill. 243.) And, when a petition in full compliance with the statutory requirements was presented on March 17, the trial judge had no alternative but to allow the change of venue. (*People* v. *Wallenberg,* 24 Ill.2d 355.) The arbitrary action of the trial judge on March 16 cannot be relied on by the People to justify his equally arbitrary action of the following day.

The People also suggest that defendant's subsequent waiver of jury trial indicates that he did not really believe that the trial judge was prejudiced against him. Since a decision to waive jury trial may be based upon any number of considerations, we do not regard this argument as decisive. In any event, the trial judge's action with re-

spect to the petition for a change of venue must be measured by what was before him at the time, and subsequent events may not be used to justify his denial of the petition. In *People* v. *Wallenberg*, 24 Ill.2d 355, which we regard as decisive of the issue in this case, there was also a bench trial following the denial of the change of venue.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*