Louis L. Weinzelbaum, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Joseph J. Abbell, Defendant-Appellant.

Gen. No. 49,452.

First District, First Division.

June 8, 1964.

Samuel Morgan and Arnold J. Karzov, of Chicago, for appellant.

Jerome Berkson, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant appeals from a judgment for plaintiff in the sum of $1,839 entered by the trial court sitting without jury. The judgment represents a $530 balance due and owing under a written contract for painting and decorating, and an allowance for the value of extras alleged to have been furnished at defendant's request. The essential controversy centers upon the right of plaintiff to recover for the alleged extras. Defendant does not dispute his liability with respect to the balance due under the contract.

From the evidence in the record it appears that plaintiff, Louis L. Weinzelbaum, Inc., is engaged in the City of Chicago as a painting and decorating contractor. On April 26, 1961 plaintiff entered into a written agreement with defendant for the painting and decorating of the latter's Lake Shore Drive apartment. The sum agreed upon for this work was $3,740, but was modified by agreement on May 4, 1961 to $3,330 by the elimination of certain work in the breakfast and maid's rooms. The work contracted for was substantially completed by July 9, 1961.

The defendant had employed Louis B. Frederick, an interior decorator from John Colby & Sons who advised and offered suggestions to defendant and his wife with regard to the decorating. Prior to July 9, 1961 defendant had made payments on said contract in the sum of $2,800, and on that date plaintiff tendered a bill for $530, the balance due on said contract. On January 16, 1962, plaintiff, for the first time, re-

quested payments for certain extras alleged to have been done by it in the course of decorating defendant's apartment. Plaintiff claims defendant had given his authorization or, in the alternative, that authorization had been given for defendant by his wife and Mr. Frederick.

Upon receipt of this demand defendant tendered a check for the $530 balance remaining on the contract, endorsing it with the words, "full payment of all decorating and painting done." Defendant subsequently tendered a check for $71.40 as payment for labor expended in the hanging of certain wallpaper, which wallpaper had apparently been ordered subsequently for the kitchen and maid's room and furnished by Colby, but for which the cost of labor had not been included.

On the trial plaintiff called two witnesses. One was defendant, under section 60, who denied that he or anyone on his behalf had authorized the doing of any extra work, but that if such was done, it was without his knowledge or understanding.

The only other witness called was plaintiff's president Aubrey Weinzelbaum. On direct examination he testified that the extras claimed in plaintiff's complaint had been furnished pursuant to defendant's authority and direction. Weinzelbaum further testified that he was familiar with the agreement with defendant; that he spoke to and received instructions from Mr. Frederick and Mrs. Abbell, and that he was at defendant's apartment four times before, during and after the work was completed; that the job was not supervised by any one man, but that his foreman, Mr. Schmidt, was there and in charge of the work. He further testified as to the type of work done, and that he personally saw work done which was not called for by the contract. Additionally, he stated that all the records of defendant's job were available

at his office, and that the cost of the extras was computed by Mr. Schmidt, based on time and hours worked, cost of materials, overhead and profit.

On cross-examination Weinzelbaum admitted that he had not supervised the job, but that it was supervised by Schmidt. Schmidt died suddenly on January 22, 1961, six days after the bill for extras had been sent out. The alleged authorization for the extras was orally given by defendant to Schmidt. Weinzelbaum was not present when these alleged conversations had taken place or at conversations which had allegedly taken place between Schmidt, Frederick and defendant's wife.

On the basis of these admissions, in the course of cross-examination of Weinzelbaum, defendant moved the court to strike all of Weinzelbaum's testimony with reference to authorization for extras, on the ground that it constituted hearsay and, as such, was incompetent and inadmissible. The trial judge overruled said motion, stating that objection should have been made during direct examination and that, in any event, there was other competent evidence in the record upon which plaintiff's claim could be sustained.

On further cross-examination Weinzelbaum admitted he could not present a breakdown of the valuation of the extras contained in the bill sent to defendant and previously admitted into evidence; that he had not prepared the bill, but Schmidt had prepared it and that the books and records, upon which it was predicated were in the office and were not produced at the trial. Defendant moved to strike the evidence with respect to the value of the alleged extras furnished. This motion was also denied. At the close of plaintiff's case defendant moved for judgment in his favor because plaintiff had failed to adduce competent evidence to establish any authorization for the

extra work; and that there was no evidence that the extra work was done, or the basis upon which the extras were evaluated.

These arguments are urged here, on appeal. It is further contended by defendant that all the testimony with respect to authorization and valuation of extras constituted hearsay; that it was incompetent and inadmissible, and that timely motion to strike was made, but overruled.

Plaintiff contends that the trial court, as the trier of fact, disregarded all incompetent or objectionable evidence; that there was other competent evidence upon which the trial court could have based its judgment, and that the findings of the trial court should not be disturbed. Plaintiff contends that defendant failed to make objection to the admission of Weinzelbaum's testimony on direct examination, and that failure to make timely objection to the admission of incompetent evidence when elicited is deemed to waive and cure the error, if any.

It is clear that in order to sustain the judgment below it must appear that plaintiff had proven its case by competent evidence. If timely objection was not properly made to testimony taken, then such evidence, for what it is worth, may be considered in determining to what extent the issues raised have been supported by proof.

In the instant case it was essential in predicating liability for the extras that plaintiff comply with the burden of proving that there was authorization for the extras, either by defendant himself, or by an agent who had authority to do so. After a thorough search of the record we failed to find evidence other than the hearsay testimony of Weinzelbaum to the end that authorization had been given. The evidence does show that the painting and decorating had

446

been completed by July 9, 1961; that the contract price had all been paid but for $530; that there was a question of rehanging a mural and some minor touch-ups which defendant contended was his reason for withholding the balance, and that the bill for extras was submitted for the first time on January 16, 1962. Thereafter, on February 20, 1962, defendant tendered a check for $530 which plaintiff did not cash because it had endorsed thereon a legend that it was in full and final payment. Defendant testified in his defense that he never discussed extras with Weinzelbaum or Schmidt; that he could not say that any extra work was done. He did not believe any was done. The first time he heard of these extras was when he received the bill in the middle of January 1962. Anything Mr. Frederick did was subject to his approval. He never authorized Frederick to order the extra work. Mrs. Abbell in her testimony denied any conversation between her, Frederick and Schmidt with respect to the extras. She did not authorize anyone to order any extras.

■ It is apparent that for plaintiff to recover it must rely upon the hearsay testimony of Weinzelbaum. In this regard plaintiff does not argue that his testimony was not hearsay, but that no timely objection was made to its introduction, and therefore, it was competent.

We cannot agree with plaintiff's contention. The testimony of Weinzelbaum on direct was as follows:

Q. Who gave *you* (emphasis ours) the instructions or authorization to Louis Weinzelbaum to do woodwork glazing and stippling? (In reference to the extras.)

A. Mr. Frederick and Mrs. Abbell together.

But on cross-examination the following appears:

447

Q. Now, you testified that there was a conversation in which Mrs. Abbell authorized certain extras to be done. Were you present at that conversation?

A. No, I was not. Mr. Schmidt was present.

．．．．．．

Q. So that everything that you have testified to this afternoon or this morning is hearsay,—

A. No.

Q. —based upon what was reported to you?

A. No.

Q. Did you have any conversation with Mr. Frederick?

A. I spoke with Mr. Frederick.

Q. Did you have any conversation with respect to extras?

A. I did not supervise that.

Q. I see. So that when you testified concerning conversations with Mr. Federick about extras, you were testifying about something that was reported to you, isn't that correct?

A. No, reported to the foreman on the job.

Q. You personally were not present at any of these conversations, is that correct?

A. No, I was not.

Defendant, after further questioning, moved that all of Weinzelbaum's testimony with respect to authorization for the extras be stricken as hearsay. This the court denied. His motion was timely and it was error to deny it. When the testimony was first ad-

448

mitted on direct examination the infirmities present therein were not apparent, since Weinzelbaum, on direct examination, stated that he personally had spoken to Mrs. Abbell and Frederick with regard to having the extra work done. It was upon cross-examination that defendant elicited the fact that the alleged authorizaton was given orally to Mr. Schmidt and that it was incompetent and inadmissible.

The fact of inadmissibility may not come to light until after or during cross-examination, or at a later stage of the case. Sanitary Dist. of Chicago v. McGuirl, 86 Ill App 392 (1899). In such circumstance a motion to strike will lie.

The question as originally propounded on direct examination was in its tenor not improper, nor, seemingly, was the answer to it. A motion to strike is timely when the character of the objectionable testimony is apparent or as soon as it becomes apparent. Neither was it necessary, nor possible to voice objection at an earlier stage in the proceedings.

In Kelleher v. Chicago City Ry. Co., 256 Ill 454, 100 NE 145 (1912), a personal injury suit, plaintiff without objection, described his injuries and subsequent disabilities, but did not call medical witnesses in support thereof. Defendant introduced medical evidence indicating plaintiff's disabilities were not the product of its alleged negligence, and defendant thereupon moved to strike plaintiff's prior testimony. This motion was denied. On appeal, the Supreme Court held that since the objectionable nature of the testimony given by plaintiff could not be known until after it was given, the motion to strike was timely and should have been sustained. Such denial has been held reversible error. Eggmann v. Nutter, 155 Ill App 390 (1910). See also Chicago Union Traction Co. v. Giese, 229 Ill 260, 82 NE 232 (1907), where the objectionable testimony was not discovered until after cross-

449

examination, at which time a motion to strike was denied. It was held on appeal that the ruling of the trial court in refusing to strike out the testimony was error.

Plaintiff cites People v. Trefonas, 9 Ill2d 92, 136 NE2d 817 (1956). The case is inapplicable, since the testimony and exhibits allowed on direct examination subject to cross-examination were subsequently not objected to, nor the subject of a motion to strike. On appeal such evidence was declared admissible, since objection thereto had been waived. Here, the facts clearly indicate that the defendant, when apprised of the hearsay character of Weinzelbaum's testimony, made timely motion to strike.

The motion to strike the testimony of Weinzelbaum should have been sustained. The bill for the extras should have been stricken, because no proper foundation for it had been laid. Without these items, plaintiff failed to sustain its burden to warrant the judgment as entered. The court entered judgment herein for the sum of $1,839. Included in this amount is the balance due on the contract, as admitted by defendant, in the sum of $530. The judgment of the court is reversed for the extras, but affirmed to the extent of $530.

Affirmed in part, reversed in part.

MURPHY, P. J. and BURMAN, J., concur.