THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND BEAN, Defendant-Appellant.

(No. 57190;

First District (3rd Division)—January 24, 1974.

Howard T. Savage, of Chicago (Howard O. Edmonds, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Barry Rand Elden and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, after a jury trial, was found guilty of the offense of selling .45 grams of heroin in violation of Ill. Rev. Stat. 1969, ch. 38, par. 22—3, and was sentenced to a term of 5 to 15 years in the State Penitentiary. Defendant appeals. Upon appeal he contends:

(1) His motion for a substitution of judges was improperly denied;

(2) Ill. Rev. Stat. 1969, ch. 38, par. 114—14, which requires the filing of a notice of alibi defense upon request by the State, is unconstitutional under the Federal Due Process Clause;

(3) The trial court erred in striking the testimony of defendant's alibi witnesses and in admitting into evidence defendant's Answer to Request for Notice of Alibi Defense;

(4) The trial court erred in exhibiting bias and prejudice toward the defendant in the presence of the jury;

(5) The trial court improperly influenced the jury after deliberations upon a verdict had begun.

The pertinent facts follow:

Defendant was charged in two separate indictments with the sales of heroin on October 21, 1969 and December 12, 1969. However, the indictments for these alleged sales were returned by the grand jury in reverse chronological order; No. 70-543 pertaining to the October 21, 1969 offense, and No. 70-542 to the December 12, 1969 offense.

In answer to defendant's pretrial motion for discovery the State alleged that each of the two sales had taken place at the home of the defendant. The indictments were tried separately, and the instant appeal

involves only the trial of the defendant on indictment No. 70-543 for the October 21, 1969 offense.

Indictment No. 70-543 was assigned to the trial call of Judge Alfonse Wells on March 13, 1970. On July 22, 1970, the defendant filed a motion under Ill. Rev. Stat. 1969, ch. 38, par. 114—5 for a substitution of judges and named therein Judge Wells and Judge David Cerda. Judge Cerda, who, during a brief absence by Judge Wells had been temporarily assigned to Judge Wells' trial call, granted defendant's motion as to himself but denied the motion as to Judge Wells on the basis that the matter had been pending before Judge Wells "for some time."

A consolidated answer to request for notice of alibi defense was filed by the defendant for both indictments Nos. 70-543 and 70-542 which listed separately under each indictment number the persons to be called as alibi witnesses. Following such listing the answer concluded on the second page with the statement that the defendant, at the time of the commission of the alleged offenses, was at home. Prior to the commencement of trial under indictment 70-543, defendant sought and was granted leave to amend his alibi notice by transferring the names of the alibi witnesses who had been mistakenly listed in the notice as alibi witnesses for the December 12, 1969 offense. However, the defendant failed to seek leave to amend the statement contained on the second page of his alibi notice which stated that he was at home at the time of both the October 21 and December 12 offenses.

In the opening statement of defendant's attorney which was made at the close of the State's case in chief, the jury was informed that the defendant would present between four and six witnesses who would testify that he was not at home at the time of the alleged October 21 sale. Thereafter, defendant presented five witnesses—three relatives and two friends of defendant—who testified that he was at a downtown movie on October 21 at the hour when the sale was alleged to have taken place at his home. The State made no objection either to the contents of defense attorney's opening statement or to the testimony of the five alibi witnesses.

An attempt by the State to call and examine one of the alibi witnesses in rebuttal resulted in a conference in chambers wherein the State was denied permission to examine any of the witnesses in rebuttal as to their alibi testimony. The State then indicated that when trial was resumed it would move that all alibi testimony be stricken as being in conflict with the statement contained in the alibi notice that defendant was at home at the time of the October 21 sale. The State further indicated that it would offer the alibi notice into evidence. Defendant's attorney re-

sponded that the statement contained in the alibi notice was the result of a clerical error in his office, and objected to the striking of the alibi testimony and the introduction of the alibi notice into evidence. The trial court then stated to defendant's attorney that defendant would have to be bound by the statement contained in the alibi notice. At the resumption of trial the State's motion that the alibi testimony be stricken and the alibi notice be admitted into evidence was granted. The trial court then advised the jury that the alibi testimony had been stricken because the witnesses had testified contrary to what they had indicated in the notice.

After the jury had retired to deliberate, the trial court permitted them to submit a written question to the court over the objection of the defendant. The question was actually a statement by the jury that they were deadlocked eleven to one, and that one juror's voting was apparently based upon personal feelings. Again over objection by the defendant the trial judge went to the juryroom door and admonished the jury to decide the case according to the evidence presented and the instructions given, and told them they could have as much time as they needed to reach a verdict. The jury then requested more time to deliberate. Later, the judge again appeared at the juryroom door and asked if a verdict could be reached, stating that the court would have to begin thinking about feeding the jurors. After a period of one and a half to two and a half hours of total deliberations the jury returned a verdict of guilty. We proceed to an examination of defendant's contentions upon appeal.

■■  Defendant's first contention is that the partial denial of his motion for a substitution of judges as it related to Judge Wells constituted reversible error. It is conceded by defendant that the applicable statute involved is Ill. Rev. Stat. 1969, ch. 38, par. 114—5(a), which provides:

> "Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of judge or any 2 judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion."

The defendant argues that despite the 10-day filing requirement contained in subsection (a) for a mandatory substitution of judges, his motion under that subsection was timely in that it came prior to a hearing involving the merits of the case, or an expression by the court concerning the case. In support of his position defendant cites *People v. Norcutt* (1970), 44 Ill.2d 256, and *People v. Chambers* (1956), 9 Ill.2d 83. We disagree with defendant's interpretation of *Norcutt* and *Chambers* and their relationship to mandatory changes of venue as a result of

judicial prejudice. The 10-day filing period established in Ill. Rev. Stat. 1969, ch. 38, par. 114—5(a) creates a maximum time limit in which a motion for mandatory substitution of judges must be made, and once this period has run its course the subsection is no longer available to a defendant.\* (*People v. Wolfe* (1970), 124 Ill.App.2d 349.) The *Norcutt* and *Chambers* cases are the culmination of a long series of Illinois decisions which by judicial interpretation engrafted an exception onto our present and preceding statutes dealing with mandatory substitution of judges. These cases in effect hold that a motion for a mandatory substitution of judges not only must be made within the time period provided by statute but must also be made prior to the trial court's indicating in any way its views as to the merits of the case. The defendant, by isolating the judicial exception to the time provision of subsection (a), attempts the argument that a restrictive exception to the general rule is in fact a liberalization of it. Such a reading of *Norcutt* and *Chambers* flies in the face of the plain language of the statute. In the instant case the defendant's motion for a mandatory substitution of judges as it relates to Judge Wells was filed more than four months after the case had been assigned to Judge Wells' trial call. The denial of that portion of defendant's motion as untimely was fully justified.

■■ The defendant next challenges the constitutionality of Ill. Rev. Stat. 1969, ch. 38, par. 114—14 (which requires the filing of a notice of alibi defense) on the basis that the statute violates due process by failing to establish reciprocal discovery rights as to alibi rebuttal witnesses to be called on behalf of the State. Whatever the merits of the defendant's argument on this issue, it is unnecessary for this court to reach the question since the record indicates that no objection to the constitutionality of this statute was made before the trial court. Nonjurisdictional questions relating to the constitutionality of a statute must be asserted in the trial court or they are waived for purposes of appeal. *People v. Eubank* (1970), 46 Ill.2d 383.

The defendant further contends that the trial court erred in striking the testimony of five of defendant's alibi witnesses and in admitting into evidence the alibi notice filed by him. The statute which requires the filing of an alibi notice upon request by the State (Ill. Rev. Stat. 1969, ch. 38, par. 114—14) provides in pertinent part:

"\* \* \* which notice shall include specific information as to the place where the accused maintains he was at the time of the

---

\* Ill. Rev. Stat. 1969, ch. 38, par. 114—5(c) provides that a motion for a substitution of judges for cause may be made at any time. This subsection is inapplicable to the facts of the instant case in that the defendant's motion for substitution was not accompanied by a supporting affidavit which this subsection requires.

alleged offense and the names and addresses of the witnesses whom the defendant intends to call to establish such alibi defense. The defendant shall not be permitted to introduce evidence inconsistent with such notice unless the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice to be amended."

It is argued by the defendant that the court erred in applying the quoted portion of the statute to the testimony of defendant's alibi witnesses in that

    (a) the State waived any error in admitting such inconsistent testimony by failing to object at the first opportunity;

    (b) there is no evidence that the State ever requested defendant to file an alibi notice;

    (c) the State failed to show that it was surprised by such testimony; and

    (d) the court failed to exercise the discretion granted under the statute to determine whether good cause existed to allow the alibi notice to be amended to conform to the alibi witnesses' testimony.

The defendant's initial argument that the State waived any error in the reception of this testimony is persuasive.

Failure to make proper and timely objection to the admission of evidence claimed to be incompetent or otherwise objectionable, or to move to strike it out after its admission, giving specific reason for the objection or motion to strike out such evidence, usually constitutes a waiver of the right to object, and cures the error, if any. (*People v. Trefonas* (1956), 9 Ill.2d 92.) A motion to strike is timely when the character of the objectionable testimony is apparent or as soon as it becomes apparent. (*Weinzelbaum, Inc. v. Abbell* (1964), 49 Ill.App.2d 442.) The State was fully aware of the contents of defendant's alibi notice, as that document had been served upon the State prior to trial, and its contents had been the subject of a pretrial motion to amend the lists of alibi witnesses contained there. Yet the State offered no objection to defense attorney's opening statement that the defendant would present four to six witnesses who would testify that he was not at home at the time of the alleged October 21, 1969 offense. Nor did the State offer any objection to the testimony of the five alibi witnesses who so testified, but even examined four of the witnesses on cross-examination.

■■ The motion to strike was untimely. It was only after the defense had concluded that the State first indicated it would move to strike the

alibi testimony, at a time long after the objectionable character of that testimony had become apparent and long after any error in its reception had been cured. In striking all of the alibi testimony the trial court erred and thereby highly prejudiced the defendant. Moreover, this prejudice was further compounded by the trial court's statement to the jury that the testimony was being stricken because the witnesses had testified contrary to what they had indicated in the alibi notice. There is no evidence of record which supports a conclusion that any of the witnesses listed in the alibi notice had ever seen that document or had previously indicated anything contrary to their testimony.

For the foregoing reasons, the judgment must be reversed and the cause remanded for a new trial. As it is unlikely that any of the alleged errors contained in defendant's remaining contentions will recur upon a new trial, we find it unnecessary to express any views thereon.

Judgment reversed and cause remanded.

DEMPSEY and McGLOON, JJ., concur.