THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES T. THOMAS, Defendant-Appellant.

First District (5th Division)   No. 77-673

Opinion filed March 10, 1978.

Ralph Ruebner and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial defendant was convicted of murder and attempt armed robbery. (Ill. Rev. Stat. 1973, ch. 38, pars. 9—1, 8—4.) He was sentenced to a term of 25 to 40 years. On appeal he contends that his conviction must be reversed because he was not proved guilty beyond a reasonable doubt. In the alternative, he contends he should be granted a new trial because, (1) his motion for a substitution of judges was denied, and (2) the State's closing argument was improper and highly prejudicial. Defendant also urges that his sentence is excessive.

Because we reverse and remand for a new trial, a full statement of facts is unnecessary. However, the following facts are pertinent to our disposition.

On September 19, 1974, Steven Drambraukas was shot and killed at the corner of Halsted and Erie Streets in Chicago. The police arrested Malcolm Price the next day and charged him with the murder. On December 24, 1974, the grand jury returned indictments charging Price and defendant with the attempted armed robbery and murder of Drambraukas. Two days later Price was arraigned and the case was assigned to Judge Earl Strayhorn for trial.

Meanwhile, after being told by his mother that the police were looking for him, defendant fled to Detroit, Michigan, on September 22, 1974. He remained there until he was arrested on April 3, 1975.

Defendant was extradited to Illinois. At his arraignment on April 7, 1975, the court informed him of the charges against him and assigned the case for trial before Judge Strayhorn. On April 10, 1975, defendant filed a motion to substitute judges pursuant to section 114—5(a) and (b) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a), (b).) In denying his motion the court noted that Price's 120-day term would expire on April 22, 1975, and then stated that defendants must be tried together. Under these circumstances the court felt that defendant was "using the motion to substitute as a subterfuge, a delay."

On April 14, 1975, defendant's motion to sever was granted. When trial commenced Price testified under a grant of immunity against defendant. Defendant was convicted and he appeals.

OPINION

■■ He first contends that the trial court erred when it denied his motion to substitute judges. Preliminarily, the State claims that defendant waived this argument by failing to proffer a post-trial motion. However, Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) allows us to consider plain errors which affect substantial rights. The pivotal factors to be considered in determining whether we will exercise our discretion are the closeness of the case, the conduct of the trial judge, the extent to which questionable evidence may have contributed to a

462

guilty verdict, the fairness of the trial in general, and the magnitude of the errors alleged. (*People v. Lagardo* (1967), 82 Ill. App. 2d 119, 123-24, 226 N.E.2d 492, 494.) Here, we feel the circumstances warrant an exercise of our discretion. We will, therefore, consider the merits of defendant's first contention.

Subsection 114—5(b) provides in pertinent part that: "The first motion for substitution of a judge in a cause with multiple defendants shall be made within 10 days after the cause has been placed on the trial call of a judge." Substitution is mandatory provided defendant's motion is timely filed and in proper form. (*People v. Ehrler* (1969), 114 Ill. App. 2d 171, 252 N.E.2d 227.) Although the State does not question the form of defendant's motion here, it does challenge its timeliness. Arguing that defendant brought his motion over three months after the court assigned the cause for trial to Judge Strayhorn on December 26, 1974, the State insists that this is outside the 10-day limit set forth in section 114—5(b). Consequently, it contends that the court properly denied defendant's motion.

■■ Although defendant failed to present his motion for substitution within 10 days of the court assigning this cause for trial to Judge Strayhorn, this does not automatically defeat his motion. As we noted in *People v. Flowers* (1977), 47 Ill. App. 3d 809, 811, 365 N.E.2d 506, 508, such strict interpretation of section 114—5 "ignores the realities of defendant's situation as well as the purpose of the statute." Instead, this section should be given a liberal interpretation so as to permit rather than prevent substitution. (*People v. Kostos* (1961), 21 Ill. 2d 451, 173 N.E.2d 469.) Accordingly, the second district of this court held in *People v. Ehrler* (1969), 114 Ill. App. 2d 171, 177, 252 N.E.2d 227, 230, that a defendant's motion for substitution was timely filed when brought within 10 days of the date he could "be charged with knowledge of the assignment of the case to [the trial judge.]" See also *People v. Flowers* (1977), 47 Ill. App. 3d 809, 365 N.E.2d 506; *People v. Evans* (1971), 1 Ill. App. 3d 158, 273 N.E.2d 71.

We have found no case which considers the problem raised here involving multiple defendants arraigned months apart. However, in accordance with the liberal rules of interpretation applied to this section (see, *e.g. People v. Ehrler* (1969), 114 Ill. App. 2d 171, 252 N.E.2d 227), we think that defendant here cannot be charged with knowledge of the assignment of the case to the trial judge prior to his arraignment on April 7, 1975.

■■ Although, as the State suggests, defendant theoretically could have ascertained the name of the trial judge as of December 26, 1974, he had no reason to do so. There is no evidence in the record to indicate that defendant knew or should have known that the grand jury had indicted

him on December 26, 1974, much less that the court had assigned the case for trial. On December 26, 1974, he was in Detroit, Michigan. Although defendant fled the State because the police were looking for him, he did so on September 22, 1974, more than two months before the grand jury indicted him. Under these circumstances, it would be unrealistic to require defendant to seek a substitution of judges prior to even being arrested. To hold otherwise would be to grant him a hollow right indeed.

The State alternatively contends, citing *People v. Smith* (1963), 28 Ill. 2d 445, 192 N.E.2d 880, that the court properly denied defendant's motion to substitute because its purpose was to delay or avoid prosecution. Pointing to the trial court's remarks that co-defendant Price's 120-day term would expire on April 21, 1975, the State argues that granting defendant's motion would have delayed the proceedings resulting in the running of Price's term. However, we find no basis for this reasoning. Because defendant was not arraigned until April 8, 1975, he should not have been forced to trial on April 22, 1975. Consequently, this problem had to be faced regardless of which way the court ruled on his motion to substitute.

■■ Because all proceedings subsequent to the improper denial of a motion to substitute judges are void (*People v. Morrow* (1968), 100 Ill. App. 2d 1, 241 N.E.2d 680), we must reverse defendant's conviction and remand this cause for a new trial.

Defendant also contends he was not proved guilty beyond a reasonable doubt. However, we are unable to determine what effect if any the denial of defendant's motion to substitute had upon the conduct and outcome of the trial. If prejudice existed, it is now extricably bound to the record of the case and colors it in such a fashion as to make an impartial review impossible. Therefore, we will not consider the merits of this contention, but will await a later judgment unaffected by error. *People v. Craigwell* (1976), 40 Ill. App. 3d 889, 895, 353 N.E.2d 101, 106.

Similarly, because of our holding on defendant's first contention we need not reach his remaining two contentions as they are unlikely to recur in a new trial.

For the foregoing reasons the judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with the opinions expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.