THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY ASH et al., Defendants-Appellants.

Fifth District No. 80—376

Opinion filed February 26, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant Phillip J. Helton.

A. Jeffrey Weiss, of Carbondale, for appellant Stanley Ash.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and David J. Mullett, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

This case is before us upon remand by the supreme court for the purpose of considering issues raised by defendant, Phillip Helton, in his original appeal to this court.

In a Rule 23 order (87 Ill. 2d R. 23), this court reversed Helton's convictions for home invasion, armed robbery, and unlawful restraint and remanded his cause to the circuit court on the ground that he did not receive the effective assistance of counsel. The supreme court reversed this court's judgment with respect to Helton and remanded the cause for consideration of Helton's remaining issues. (*People v. Ash* (1984), 102 Ill. 2d 485, 496, 468 N.E.2d 1153, 1158.) Helton's original appeal raised two issues which we did not consider: (1) whether the circuit court erred in denying defendant's motion for substitution of Judge Snyder Howell; and (2) whether defendant was denied a fair trial due to prejudicial remarks made by the prosecutor during closing argument. Since we find that defendant is entitled to a new trial because his motion for substitution of judge was improperly denied, we do not consider Helton's contention regarding prejudicial prosecutorial comments.

The relevant facts are as follows: On February 7, 1980, Helton filed a motion for substitution of judge under section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(a)). This motion alleged that Judge William A. Lewis and Judge Snyder Howell were prejudiced against him. None of the other codefendants moved within 24 hours of Helton's motion to substitute any other judges. According to the common law record, Helton's motion for substitution of judge was "granted as to Judge Lewis. Denied as to Judge Howell as defendant only entitled to one substitution." Judge Howell presided at Helton's trial.

Helton contends that he was entitled to name two judges in his motion for substitution under section 114—5(a) of the Code of Criminal Procedure of 1963 by reason of the fact that he was charged with armed robbery and home invasion, both of which are Class X felonies. Ill. Rev. Stat. 1981, ch. 38, pars. 12—11(b), 18—2(b).

The State maintains that section 114—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(b)) controls

and entitled Helton to name only one judge in his motion for substitution.

The applicable subsections provide as follows:

"(a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced.

(b) Within 24 hours after a motion is made for substitution of judge in a cause with multiple defendants each defendant shall have the right to move in accordance with subsection (a) of this Section for a substitution of one judge. The total number of judges named as prejudiced by all defendants shall not exceed the total number of defendants. The first motion for substitution of judge in a cause with multiple defendants shall be made within 10 days after the cause has been placed on the trial call of a judge." Ill. Rev. Stat. 1981, ch. 38, pars. 114—5(a), (b).

The State urges that section 114—5(b) mandates that each defendant may move for substitution of only one judge and that the disposition of Helton's motion for substitution was governed by this statutory provision. We do not agree.

Initially, we note that the statutory provisions governing substitution of judges must be liberally interpreted so as to permit, rather than prevent, substitution. (*People v. Kostos* (1961), 21 Ill. 2d 451, 454, 173 N.E.2d 469, 471; *People v. Thomas* (1978), 58 Ill. App. 3d 460, 462, 374 N.E.2d 795, 798.) With this principle in mind, we have examined the State's interpretation of section 114—5(b) and reject it.

■ It appears from the language of the first sentence of section 114—5(b) that this provision, relied upon by the State, was designed to apply only to those defendants other than the defendant who filed the initial motion and that it does not bar the initial movant from naming more than one judge. Therefore, Helton, who was the initial movant in the instant case, does not fall within this statutory proscription. This conclusion is further supported by the rule of statutory

construction that statutes should be construed, where possible, so that no sentence or clause is rendered meaningless or superfluous. (*People v. Lofton* (1977), 69 Ill. 2d 67, 72, 370 N.E.2d 517, 519; *People v. Folkers* (1983), 112 Ill. App. 3d 1007, 1009, 446 N.E.2d 311, 312.) If we were to accept the State's interpretation of section 114—5(b), which mandates only one judge named per defendant in a cause with multiple defendants, it would render the second sentence of that section totally unnecessary and meaningless because it would be impossible for the total number of judges named ever to exceed the total number of defendants in cases involving multiple defendants.

■ Section 114—5(b) is silent as to the number of judges the initial movant in a multiple defendant cause may name in a motion for substitution of judges; however, given the committee comments on this subsection (Ill. Ann. Stat. ch. 38, par. 114—5, Committee Comments, at 253 (Smith-Hurd 1977)), we conclude that the statute sanctions an initial motion for substitution of judge in accordance with section 114—5(a). Therefore, Helton filed a timely and proper motion for substitution of Judge Howell, which was erroneously denied. This being so, all proceedings subsequent to the order denying Helton's motion for substitution of judge are void and his convictions must be reversed and the cause remanded for a new trial. See *People v. Kostos* (1961), 21 Ill. 2d 451, 454-55, 173 N.E.2d 469, 471; *People v. Thomas* (1978), 58 Ill. App. 3d 460, 463, 374 N.E.2d 795, 798.

For the foregoing reasons, the judgment of the circuit court of Williamson County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

JONES, P.J., and WELCH, J., concur.