THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY POSEY, Defendant-Appellant.

First District (4th Division)   No. 1—88—2966

Opinion filed December 6, 1990.

Michael J. Pelletier and Leslie Wallin, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Paul Gliatta, and Daniel J. Fahlgren, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Larry Posey, appeals from his conviction following a jury trial for aggravated criminal sexual assault, aggravated battery, and unlawful restraint. Because we believe the defendant was erroneously denied his right under section 114—5(a) of the Code of Criminal

Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114—5(a)), to substitute two judges on grounds of prejudice, we reverse and remand this case for a new trial before a different judge.

Posey was arraigned on April 9, 1986. At that time he moved to substitute the judge assigned to preside at his trial. Referring to his right to substitute two judges, Posey inquired of the court at his arraignment whether he should at that time also name the second judge he wished to substitute. The trial court advised Posey to wait until his case was reassigned. On February 1, 1988, Posey appeared for the first time before the judge to whom his case had been reassigned. At that time Posey made an oral motion to substitute the second judge. Within 10 days of his appearance Posey followed up his oral motion with a written one. The trial court denied the motion. On appeal, Posey argues that the court's failure to allow him to substitute a second judge deprived him of a fair trial.

■ Under section 114—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 114—5(a)), a defendant charged with a Class X felony or an offense punishable by death or life imprisonment may move to substitute two judges as prejudiced. The defendant is entitled to only one motion under section 114—5(a); therefore, he must name both judges to be substituted in the same motion. (*People v. Jones* (1988), 123 Ill. 2d 387, 528 N.E.2d 648, *cert. denied* (1989), 489 U.S. 1040, 103 L. Ed. 2d 236, 109 S. Ct. 1174.) Posey maintains that the trial court at his arraignment misinformed him that the proper procedure was to name the second judge later. Posey argues that he cannot be penalized for following the incorrect instructions of the trial court. Posey analogizes to those cases in which it has been held that where the court fails to properly admonish a defendant with respect to the procedures necessary to perfect his appeal rights under Rule 605(b) (107 Ill. 2d R. 605(b)), the defendant cannot be penalized for failing to follow the proper procedure. *People v. Patrick* (1989), 188 Ill. App. 3d 542, 544 N.E.2d 1042; *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 471 N.E.2d 1053 (where trial court's admonitions were insufficient, defendant excused for failure to file a timely motion to withdraw guilty plea pursuant to appeal).

■ ■ We believe Posey's comparisons are persuasive. Where, as in the present case, a defendant stands ready and willing to name a second judge at the time he names the first, but for the advice of the trial court fails to do so, we do not believe the defendant may be penalized. The provision for substitution of judges is a safeguard used to protect the guarantee of a fair and impartial trial and should be liberally construed to that end. (*People v. Walker* (1988), 119 Ill. 2d 465,

519 N.E.2d 890.) The right of the defendant to substitute judges is absolute, and when it is improperly denied, all subsequent action of the trial court is void. (*People v. Ash* (1985), 131 Ill. App. 3d 644, 476 N.E.2d 13.) For these reasons we reverse and remand this case for a new trial. Because a new trial is in order, it is unnecessary for us to address the defendant's other issues on appeal.

Reversed and remanded.

McMORROW, P.J., and JOHNSON, J., concur.